Alice TORRES et vir, Appellants,

v.

The OHIO CASUALTY INSURANCE CO., Appellee.

No. 3398.

Court of Civil Appeals of Texas.

Waco.

Nov. 15, 1956.

Rehearing Denied Dec. 13, 1956.

**562**

Johnson, Guthrie & Stanfield, Dallas, Barnes & Barnes, Terrell, for appellants.

L. W. Anderson, Dallas, for appellee.

McDONALD, Chief Justice.

This is a summary judgment case. Parties will be referred to as in the trial court. Plaintiff Alice Torres brought the suit against defendant Insurance Company on a property damage automobile insurance policy issued and thereafter renewed to William E. Rush, Jr. The trial court rendered a *summary judgment* that plaintiff take nothing.

A statement is necessary. Plaintiff's pleadings and the record herein reflect that plaintiff Alice Torres and William E. Rush, Jr., were formerly husband and wife. They owned as *community property* a 1950 Chevrolet sedan upon which defendant Insurance Company, through its local agent, J. O. Livingston, issued a liability policy for the period *5 May 1952 to 5 May 1953*, such policy being payable to the husband, William E. Rush, Jr. At the time of issuing such policy agent Livingston agreed to keep the car insured. On *10 April 1953,* plaintiff and William E. Rush, Jr., were divorced, such divorce decree awarding the 1950 Chevrolet to plaintiff. On *5 May 1953,* at the expiration of the foregoing policy, J. O. Livingston, defendant's agent, pursuant to his agreement, renewed the policy for one year, such renewal being in the name of William E. Rush, Jr., as was the previous policy. At the time of issuance of the original policy agent Livingston knew the car was community property, and at the time of the renewal agent Livingston knew that plaintiff was divorced from Rush and knew that she was operating the car. On *3 June 1953,* plaintiff, while operating the car, ran into the house of C. B. Anderson and caused damage thereto in the amount of $2,738. Plaintiff sent her sister to notify agent Livingston of the collision, she being in the hospital. Agent Livingston advised that the insurance was in effect, had been renewed, that he had paid the premium on same to the defendant Insurance Company, and had extended credit to plaintiff for payment of her premium; that the policy was in force and that defendant Insurance Company would pay the loss under the policy. Thereafter defendant Insurance Company denied liability under the policy and attempted to cancel same retroactive to its date of issuance. Thereafter Anderson sued plaintiff herein; the defendant Insurance Company refused to defend the suit; and Anderson recovered a default judgment against plaintiff for $2,738. Plaintiff alleged alternatively that she was using the car with the knowledge and permission of William E. Rush, Jr., and asked for judgment against defendant Insurance Company for the amount of the judgment Anderson had taken against her.

The defendant Insurance Company 1) filed a general denial to plaintiff's pleading; 2) plead that William E. Rush, to whom the policy was issued, was not the owner of the car at the time the policy was issued; 3) plead that Anderson, after getting the judgment against defendant herein, had brought suit against it for the amount of such judgment, alleging its failure to defend and in-

demnify under the terms of the William E. Rush policy. Defendant plead that this suit had resulted in a dismissal with prejudice, and was res adjudicata of plaintiff's present suit; 4) plead that plaintiff had not paid the Anderson judgment and hence had suffered no loss; 5) plead that plaintiff had not paid the premium for the policy and that the policy had never been delivered.

Defendant Insurance Company thereafter set up the foregoing by way of sworn motion for a summary judgment that plaintiff take nothing, and plaintiff filed a sworn reply to defendant's motion for summary judgment.

The trial court granted defendant's motion for summary judgment, decreeing that plaintiff take nothing by her suit and finding that the record showed an absence of a genuine issue as to any material fact. Plaintiff appeals to this court, contending that the record does show the existence of issuable facts and that summary judgment that she take nothing was erroneously entered.

Rule 166–A, Texas Rules of Civil Procedure, provides that the Trial Court can render summary judgment on the record in a case if *"there is no genuine issue as to any material fact."*

Our Supreme Court, in Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931, in discussing this rule, says:

"The duty of the court hearing the motion for summary judgment is to determine if there are *any* issues of fact to be tried, and not to weigh the evidence or determine its credibility, * * * The underlying purpose of the Rule * * * was elimination of patently unmeritorious claims *or untenable defenses; not being intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact. 'The burden of proving that there is no genuine issue of any material fact is upon the movant,' and 'all doubts as to the existence of a genuine issue as to*

*a material fact must be resolved against the party moving for a summary judgment * * * [The court] accepts as true all evidence of the party opposing the motion which tends to support such party's contention, and gives him the benefit of every reasonabe inference which properly can be drawn in favor of his position.' "*

To the same effect are: Sartor v. Arkansas Natural Gas. Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967; King v. Rubinsky, Tex. Civ.App., 241 S.W.2d 220; Loud v. Sears Roebuck Co., Tex.Civ.App., 262 S.W.2d 548; Kaufman v. Blackman, Tex.Civ.App., 239 S.W.2d 422 (N.R.E.); Collins v. Board of Firemen, etc., Trustees, 290 S.W.2d 719 (N.R.E.).

With the foregoing rules of law relating to summary judgments in mind, we will review the grounds upon which defendant Insurance Company contends the summary judgment was properly granted and as such is sustainable.

Defendant contends that the assured William E. Rush was not the owner of the car, hence could give no permission to plaintiff to use same; and that since plaintiff was not insured under the policy, that she cannot recover thereunder. Plaintiff's petition and sworn reply to defendant's motion for summary judgment reflect that the car was community property of plaintiff and her husband William E. Rush, Jr.; that defendant's agent knew this; that he wrote the insurance in the name of the husband Rush and further agreed to keep the car insured, and that plaintiff and Rush were thereafter divorced, such decree awarding plaintiff the car; that defendant's agent knew this; that defendant's agent did renew the policy, albeit in the name of Rush.

The question is whether the policy is voided as a matter of law under the circumstances and facts set forth because of violation of the sole ownership clause in the policy. We think not. We think this is a case where the insurance company insures

joint property owners, and one thereafter acquires a greater interest in the property before the loss. Either spouse may take out a policy of insurance in his or her name alone covering the community property of both without violation of the unconditional and sole ownership clause. Mercury Fire Ins. Co. v. Dunaway, Tex.Civ.App., 74 S.W. 2d 418 (Er.Ref.); Insurance Company of Texas v. Stratton, Tex.Civ.App., 287 S.W. 2d 320 (N.R.E.). The fact that one of the joint owners, the plaintiff here, acquired the husband's interest by the divorce decree cannot work a forfeiture of the policy. British General Ins. Co. v. Stamps, Tex.Civ. App., 57 S.W.2d 638. The same rule applies to the transfer by one partner of his interest in partnership property to his co-partner. German Alliance Ins. Co. v. Fort Worth Grain & Elevator Co., Tex.Civ.App., 257 S.W. 273. From the foregoing it follows that we think that under the circumstances herein that plaintiff was covered by the policy, even though it was issued in the name of her former husband.

■ Defendant Insurance Company contends that the dismissal with prejudice of the suit filed by C. B. Anderson against this defendant is res adjudicata of plaintiff's present suit. Plaintiff was not a party to Anderson's suit against defendant herein. There is no evidence in this record that plaintiff herein authorized Anderson to bring the suit or that plaintiff herein was in anywise directly interested in that lawsuit. We think that the record before us at least made for issues of fact on this point.

■ Defendant further contends that since plaintiff herein has not paid the judgment which the Andersons have taken against her, that she has suffered no loss and under the terms of the policy cannot maintain her suit until she has paid off such judgment. The policy issued by defendant in this case is not in evidence. We do not know exactly what the provisions of such policy are. On appeal from a summary judgment this court cannot indulge any presumption in favor of the ruling of the trial court. Plaintiff swore in her affidavit that defendant, under the terms of its policy, agreed to pay all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property arising out of the ownership or use of the automobile covered by the policy. We think that this makes for an issue of fact, which can be resolved only by evidence on a trial, and not by summary judgment.

■ Finally, defendant contends that the undisputed fact is established by the record herein that there was no payment of premium for or delivery of the policy. As already noted, the record herein reflects an agreement to renew the policy; a renewal in compliance with the agreement; an offer to pay the premium; a statement by agent Livingston that the policy was renewed; and the defendant's amount of the premium paid to defendant; and an extension of credit to plaintiff for the payment of the premium by her; and a statement by agent Livingston that the policy was in force and that the defendant company would have to pay same. We think the foregoing make for an issue of fact determinable only by trial on the merits, and not by summary judgment.

From the foregoing it follows that it is our view that there are issuable facts made by the record before us which are determinable by trial on the merits only, and that the trial court erred in rendering the summary judgment that plaintiff take nothing. Accordingly the judgment appealed from is reversed and the caused remanded.

Reversed and remanded.