**Donald Keith PALMER, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 16472.**

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 20, 1963.

Rehearing Denied Jan. 17, 1964.

Mike E. Powell, Fort Worth, for appellant.

Doug Crouch, Criminal Dist. Atty., and George McManus, Asst. Dist. Atty., Fort Worth, for appellee.

MASSEY, Chief Justice.

This is a case having similarity to that of Texas Department of Public Safety v. Williams, 1962 (Tex.Civ.App., Eastland), 356 S.W.2d 848, where a motorist's driver license was sought to be suspended as an habitual traffic violator · under provisions of Vernon's Ann.Civ.St. Art. 6687b, "Drivers', chauffeurs', and commercial operators' licenses; accident reports", § 22, "Authority of Department to suspend or revoke a license". In that case, however, the trial court judgment was for the motorist. In the case before us a summary judgment was entered for the Department, the motorist's privilege to. drive being suspended for a period of six (6) months.

In the Williams case, aforementioned, counsel for the motorist prevailed upon the trial court to decide that the Department of Public Safety had failed to establish the number of "convictions" requisite to be shown by the Department in order to establish that the motorist was an "habitual violator" of the traffic law of the State of Texas, within the provisions of subsection (b) of § 22 under Art. 6687b. The trial court so held by reason of its having found that the evidence adduced before it failed to show that the motorist, whose license was sought to be suspended, had been "convicted" within the contemplation of Texas' Code of Criminal Procedure in that there had been no plea of guilty in accordance therewith, or in particular within the contemplation of Vernon's Ann.C.C.P. Art. 518, "Plea of guilty in misdemeanor".

Specifically, the motorist in the Williams case had ascertained the amount his fine would be if he plead "guilty" to each of the traffic violations with which he was charged, and promptly mailed checks in the amounts of the fines, thus by-passing any procedure of pleading, depositing bail or collateral, etc. The Court of Civil Appeals at Eastland upheld the trial court on the appeal taken by the Department. Mooneyhan v. Benedict, 1955 (Tex.Civ. App., Austin), 284 S.W.2d 741, writ ref., n. r. e., was cited as authority for the court's action in the Williams case. That case held that similar procedure did not constitute a legal plea of guilty to traffic violation and that evidence thereof was inadmissible to establish that the motorist had confessed his guilt of the traffic offense with which he was charged and because of which he paid a fine.

This court had a case of some similarity in Whittington v. Department of Public Safety, 1961 (Tex.Civ.App., Fort Worth), 342 S.W.2d 374, writ ref., n. r. e. In that case, however, the motorist, whose license was sought to be suspended, did not show the manner in which his purported "convictions" had resulted. The motorist made no showing that such did not result from a forfeiture of bail or collateral deposited to secure his appearance in court, the opinion noting that § 25(c) of Art. 6687b provided in part: "Also, for the purpose of this Act, a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction."

In the instant case the contrary is true. In the motorist's controverting affidavit to the Department's motion for summary judgment he swears that he did not appear in court either by attorney or in person, and that he paid the fines by mailing checks to cover them in each (material) instance. The procedure being one for summary judgment the facts therein are accorded complete verity. We deem the affidavit to effectively obviate any inference that the fines were paid by way of "bond forfeiture".

We do not believe that we are at liberty to construe the statute so as to hold that

a voluntary payment of a fine in the amount which *would have been assessed* upon a plea of guilty is equivalent to a "conviction" for the purposes of the Act. Rules applicable to statutory construction forbid. The Legislature could have so provided, if such was intended, as easily as it did provide that forfeiture of bail or collateral should be equivalent to a "conviction". In view thereof there were issues of fact raised by the affidavit of the motorist whose appeal is before us, and the summary judgment should not have been entered.

Accordingly, judgment is reversed and the cause remanded for a trial of the merits.