**Jack Leroy MILLER, Appellant.**

**v.**

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 16336.

Court of Civil Appeals of Texas.

Dallas.

Jan. 17, 1964.

Rehearing Denied Feb. 21, 1964.

J. M. Deavenport, Dallas, for appellant.

Henry Wade, Dist. Atty., and John J. Orvis, Asst. Dist. Atty., Dallas, for appellee.

Waggoner Carr, Atty. Gen., and Fred D. Ward, Asst. Atty. Gen., Austin, amicus curiae.

WILLIAMS, Justice.

The former opinion rendered in this case is withdrawn and the following substituted therefor.

This is a driver's license suspension case. Pursuant to authority of Art. 6687b, Sec. 22(a), Vernon's Ann.Civ.St., the Texas Department of Public Safety (hereinafter called Department) caused Jack Leroy Miller to appear before a justice of the peace of Dallas County, Texas, for a hearing to determine whether Miller was an habitual traffic violator within the meaning of Art. 6687b, Sec. 22(b), Par. 4, V.A.C.S. Following an affirmative finding by the justice of the peace the Department suspended Miller's driver's license for a period of six months. Art. 6687b, Sec. 22(a) and Sec. 23, V.A.C.S. From this order Miller appealed to the County Court at Law No. 1, Dallas County, Texas, by authority of Art. 6687b, Sec. 22(c), V.A.C.S. In his petition on appeal Miller denied that he was an habitual violator and prayed for restoration of his Texas operator's license. By answer and cross-action the Department alleged that Miller had been convicted of five moving traffic violations occurring within a twelve months' period of time and that such fact authorized the issuance of the suspension order. Par. 4, Sec. 22(b), Art. 6687b, V.A.C.S. Thereafter the Department filed its verified motion for summary judgment, supported by certified copies of five notices of conviction from the Clerk of the Corporation Court of the City of Dallas, Texas. Each of these certified copies was entitled, "Notice of Conviction", and set forth Miller's name, address and driver's license number; the offense and the date committed together with the cause number in the particular court. Each notice set forth the "date convicted" and following the word "penalty" is a line upon which appears different amounts of money.

Miller also filed a motion for summary judgment and an answer in response to the Department's motion. In his verified answer Miller contended that (1) the certified

notices of conviction show upon their face that they cover a period in excess of a consecutive twelve months' period and therefore do not comply with Art. 6687b, Sec. 22(b), Par. 4, V.A.C.S.; (2) that he was not legally convicted in Cause No. 46656–B on August 18, 1961, being one of the convictions relied upon by the Department, because he did not appear in open court and plead guilty, nor was he tried in open court, and was not there either in person or by attorney and did not forfeit bail; (3) that he was not legally convicted in Cause No. 25388–B on March 27, 1962, being one of the convictions relied upon by the Department, in that he did not appear in open court or plead guilty, nor was he tried in open court either in person or by his attorney, and did not forfeit bail; (4) that in Cause No. 2447–B, a purported conviction being for the offense of "driving without lights" on October 8, 1961, he contends that same was not and is not a moving violation as required under Sec. 22(b), Par. 4, of Art. 6687b, V.A.C.S. In further opposition to the Department's motion for summary judgment Miller attaches his affidavit in which he says that he did not appear in open court and did not plead guilty, either in person or by attorney, in Cause No. 46656–B in the Corporation Court of Dallas on August 18, 1961; that he did not deposit any bond or collateral to secure his appearance in court and has not forfeited any bond or collateral. He also says that on March 27, 1962, in Cause No. 25388–B in the Corporation Court of Dallas, Texas he did not appear in open court and did not plead guilty nor did he receive a trial, either in person or by an attorney and did not deposit or forfeit bail. Miller also contends, in his affidavit, that the purported notices of conviction relied upon by the Department are not made in compliance with Art. 6701d, Sec. 152(c), V.A.C.S.

Following hearing the trial court sustained the motion for summary judgment of the Department and from such judgment Miller appeals upon three points of error. We have concluded that two of appellant's points are well taken and that this cause must be reversed and remanded.

■ At the outset appellee has requested us not to consider appellant's response to its motion for summary judgment because said answer was not filed until the date of hearing of the motion for summary judgment and therefore comes too late under Rule 166–A(c), Texas Rules of Civil Procedure. The record reveals that appellant filed no answer to controvert appellee's motion for summary judgment until the date set for hearing. While it is true that Rule 166–A(c), T.R.C.P. provides that "[t]he adverse party prior to the day of hearing may serve opposing affidavits", we held in the case of Brown v. Aetna Casualty & Surety Co., Tex.Civ.App., 366 S.W.2d 673, wr. ref. n. r. e., that such provision of the rule was not mandatory and that the court's action in allowing the answer to be filed on the date of hearing was within the trial court's discretion. We find no abuse of discretion on the part of the court in this case and therefore overrule appellee's motion.

■■ Appellant's first point on appeal that: "The court erred in granting defendant's motion for summary judgment" is too general and does not meet the requirements of Rule 418, T.R.C.P., relating to briefing. White v. Great American Reserve Ins. Co., Tex.Civ.App., 342 S.W.2d 793; Little v. Employers Security Life Ins. Co., Tex.Civ.App., 343 S.W.2d 517. However, as we said in Wyche v. Noah, Tex. Civ.App., 288 S.W.2d 866, while the point may be too general this court will discuss the grounds as we understand them upon which appellant apparently relies to support his appeal, as disclosed in the statements and arguments accompanying this point on appeal. Covington v. City of Denison, Tex. Civ.App., 369 S.W.2d 824. As we understand appellant's position in this point and especially when taken in connection with appellant's third point of error, to the effect that the court erred in considering two of the alleged violations as "convictions",

it is that appropriate issues of fact were presented and he should have been entitled to a trial *de novo*. It is elementary that the purpose of a summary judgment proceeding is to determine the existence or nonexistence of an issue of fact. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. The question presented here, by appellant's Points 1 and 3, therefore, is whether appellant's answer to appellee's motion creates issues of fact which should have been determined by a court or jury in a trial *de novo*.

The issue of the type of appeal allowed by Art. 6687b, Sec. 22(c), V.A.C.S., is brought into sharp focus by this record. The Department contends that the substantial evidence rule governs the appeal from an administrative order and that appellant is not entitled to a trial *de novo*. Appellant points to the plain and express appeal provisions of the statute * which provides that, on appeal, said court shall determine the issues in such cause upon a trial *de novo* as though the matter had been committed to the courts in the first instance and there had been no intervening administrative or executive action or decision. Moreover, says the statute, under no circumstances shall the substantial evidence rule as interpreted and applied by the courts of Texas in other cases ever be used or applied to appeals prosecuted under the provisions of this Act.

Appellee, by advancing the theory of substantial evidence rule and denying the right of appellant to a trial *de novo* impliedly challenges the constitutionality of the provision of Art. 6687b, Sec. 22(c), V.A.C.S., relating to appeals from the administrative order. The only cases relied upon by appellee specifically holding that the substantial evidence rule, and not a trial *de novo*, applies in appeals of this nature are Department of Public Safety v. Robertson, Tex.Civ.App., 203 S.W.2d 950, and Texas Department of Public Safety v. Azar, Tex.Civ.App., 274 S.W.2d 911, wr. ref. n. r. e., but each of these cases was decided prior to the 1959 amendment, referred to above, which expressly provides for trial *de novo* and the unequivocal denial of the substantial evidence rule.

The Department also relies upon such cases as Chemical Bank & Trust Co. v. Falkner, Tex., 369 S.W.2d 427; Brazosport Savings & Loan Ass'n v. American Savings & Loan Ass'n, 161 Tex. 543, 342 S.W.2d 747; Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619; Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424; and Davis v. City of Lubbock, 160 Tex. 38, 326 S.W.2d 699. None of these cases deal with the specific statute under consideration here but are merely authority for the proposition that the Legislature has no authority to provide

* Art. 6687b, V.A.C.S.:
  "(c) Any licensee who is not willing and does not consent to abide by the final ruling or decision of the Department suspending said license, and whose license has been suspended under or by reason of any of the provisions set forth in subparagraphs "3," "4," "5," "8," and "9," under subsection (b) immediately above, may, within thirty (30) days after the date of receipt of notice of the suspension of such license from the Department, bring suit in the county court, or county court at law, of his residence to vacate and set aside said final ruling and decision suspending said license, which suit shall be either before the court or a jury at the election of the licensee, and said court shall, in either event, determine the issues in such cause, instead of the Department, upon a trial

de novo, and shall be tried the same as if there had been no prior hearing on the matter of suspension of said license and in the same manner as a trial in the county court on appeal from the justice court, and the rights of the parties thereto shall be determined by the court upon a trial of the matters in controversy under rules governing the trial of other civil suits in the same manner and to the same extent as though the matter had been committed to the courts in the first instance and there had been no intervening administrative or executive action or decision. Under no circumstances shall the substantial evidence rule as interpreted and applied by the courts of Texas in other cases ever be used or applied to appeals prosecuted under the provisions of this Act."

for a trial *de novo* in an appeal from a purely administrative order which deals with legislative functions as opposed to judicial or quasi-judicial functions. This distinction was clearly developed by the Supreme Court in Chemical Bank & Trust Co. v. Falkner, supra, which dealt with a statute governing the issuance of bank charters which named five requirements, all of which must be determined favorably by the State Banking Board before a charter may be issued by the Commissioner of Banking. One of these requirements is that "[a] public necessity exists for the proposed bank", Art. 342–305, Banking Code, V.A.C.S. The Supreme Court held that this requirement is purely legislative in its nature, therefore a court could not determine in a trial *de novo* that "[a] public necessity exists for the proposed bank". For a court to do so would constitute an encroachment by the judicial department of our government upon the prerogatives of the legislative department, which is not permissible since our departments of government are separate and independent of each other. The Supreme Court did not overrule, but merely distinguished the holdings in State Board of Insurance v. Professional & Business Men's Ins. Co., Tex. Civ.App., 359 S.W.2d 312, and Key Western Life Ins. Co. v. State Board of Insurance, Tex., 350 S.W.2d 839, in both of which cases a provision for a *de novo* trial on appeal was held not to be violative of the constitution. As Justice Smith pointed out in his opinion in Key Western Life Insurance Company v. State Board of Insurance, supra, a correct determination of the question of constitutionality of the act must involve a decision of whether the administrative act is a "judicial function" or a "legislative function". He points out that there is a distinction between the types of decisions rendered by different administrative agencies. For example, some agencies perform judicial or quasi-judicial functions while others exercise powers which are essentially legislative. In the first instance, there may be a legislative delegation to a court for a *de novo* trial while in the second

instance the legislature has no authority to deprive the administrative agency of its legislative power.

■ This brings us directly to the question of whether the administrative hearing in this case is judicial or quasi-judicial in nature or whether it is purely legislative. We are of the opinion that the administrative determination of whether a person is an habitual violator within the meaning of Par. 4. of Sec. 22(b), Art. 6687b, V.A.C.S. is judicial in nature. To determine whether one is an habitual violator of the traffic law the administrative agency, the justice of the peace in this case, was required to make a judicial decision rather than one involving more questions of policy which would be legislative in character. This being so, the legislature was fully authorized to provide for a trial *de novo* and to expressly prohibit the use of the substantial evidence rule when the case reached the County Court at Law.

While not directly passing upon the question of the constitutionality *vel non* of Sec. 22(c), Art. 6687b, V.A.C.S., the Supreme Court in the recent case of Texas Department of Public Safety v. King, Tex., 366 S.W.2d 215, impliedly held that the *de novo* provision of the statute was valid. It was there held that on appeal pursuant to Sec. 22(c) the guilt or innocence of the licensee would be determined by the court or jury. Justice Steakley, speaking for the Supreme Court in that case, said that a license seeking the benefits of the appeal provisions of Sec. 22(c) had the right to have the appeal court determine the issues in such cause instead of the Department and that such cause shall be tried as if there had been no prior hearing in the matter of suspension. See also Williams v. Texas Department of Public Safety, Tex.Civ.App., 371 S.W.2d 747, dealing with the appeals provision of Sec. 22(c). We conclude, therefore, that Sec. 22(c) of Art. 6687b, V.A.C.S. is constitutional and valid so that appellant in this case was entitled to a trial *de novo* in a County Court at law and that in such

hearing the substantial evidence rule does not apply.

We turn now to a consideration of whether or not issues of fact were raised by appellant's answer and affidavit in opposition to appellee's motion for summary judgment. Whether appellant was really an habitual violator within the meaning of the statute depends upon the validity of the convictions alleged by the Department. Appellee contends that the notices of conviction relied upon by it clearly demonstrate that appellant was legally convicted of five offenses within the meaning of the statute. Appellant says that the notices are insufficient and do not meet the requirements of the law and furthermore he presents facts to demonstrate that such convictions were illegal and therefore insufficient to form the basis of his driver's license suspension.

■ We agree with appellant that the notices of conviction are insufficient and do not comply with the requirements of Art. 6701d, Sec. 152(c), V.A.C.S. That statute expressly states that the abstract of conviction must be made upon a form furnished by the Department and shall include the name and address of the party charged, the number, if any, of the operator's license, the registration number of the vehicle involved, the nature of the offense, the date of the hearing, *the plea, the judgment, or whether bail forfeited and the amount of the fine or forfeiture as the case may be.* (Emphasis supplied). The instruments attached to appellee's motion for summary judgment do not reveal any plea made by the accused nor does it reveal any judgment of the court nor whether bail was forfeited. The instruments do not show whether a fine was paid but merely recite "Penalty", followed by figures. There is no statement that the accused appeared in court and entered a plea of guilty or not guilty nor is there any showing that the fine was paid by the accused or paid by anyone acting on his behalf.

If it is the contention of appellee that appellant entered a plea of guilty the provi-

sions of Art. 518, Vernon's Ann.C.C.P. are not satisfied. There it is provided that a plea of guilty in a misdemeanor case may be made either by the defendant or his counsel in open court. Art. 580 of Vernon's Ann.C.C.P. provides that in all prosecutions for misdemeanors when the punishment is imprisonment in jail the defendant must be personally present, but Art. 581, Vernon's Ann.C.C.P. provides that in "other misdemeanor cases" the defendant may, by consent of the state's attorney, appear by counsel and the trial may proceed without his personal presence. While Art. 11 of Vernon's Ann.C.C.P. permits the defendant in a criminal prosecution to waive any rights secured him by law except the right of trial by jury in a felony case, we find no evidence or contention of waiver in this case, and the affidavit of appellant would negative the idea of waiver of appearance either in person or by attorney. See also Texas Department of Public Safety v. Williams, Tex.Civ.App., 356 S.W.2d 848.

■ This is an appeal from a summary judgment and in reviewing the judgment we cannot indulge any presumption in favor of the trial court's action. We must view the evidence in the light most favorable to the appellant and resolve all conflicts in his favor. Torres v. Ohio Casualty Ins. Co., Tex.Civ.App., 296 S.W.2d 561; Schepps v. American District Telegraph Co. of Texas, Tex.Civ.App., 286 S.W.2d 684; Cowden v. Bell, 157 Tex. 44, 300 S.W.2d 286; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929.

■ Accordingly, we find that the record presents issues of fact that should have been submitted to the court or jury in a trial *de novo.*

■ We cannot agree with appellant's second point wherein he contends that the offense "driving without lights" did not constitute a moving violation in contemplation of Art. 6687b, Sec. 22(b) V.A.C.S. We think that Art. 6701d, Sec. 108(a) and Sec. 143, V.A.C.S. sufficiently define it to

be a misdemeanor for a person to drive or move a vehicle at certain times without the same being equipped with sufficient lights to render the vehicle discernible.

Neither can we agree with appellant's contention that the dates of conviction of the various offenses named against him extend for more than one year and therefore are not sufficient to come within the statute. The statute, Art. 6687b, Sec. 22(b), par. 4, V.A.C.S., authorizes the Department to suspend the license based upon four or more convictions arising out of *different transactions* in a consecutive period of twelve months. (Emphasis added). The number of transactions within the one-year period, and not the final convictions therefor, is controlling. Texas Department of Public Safety v. King, Tex., 366 S.W.2d 215.

The judgment of the trial court is reversed and remanded for a trial *de novo* as provided by statute.

Reversed and remanded.