**Elbert Kenneth RICHARDSON, Appellant,**

**v.**

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 16335.

Court of Civil Appeals of Texas.

Dallas.

Jan. 17, 1964.

Rehearing Denied Feb. 21, 1964.

---

J. M. Deavenport, Dallas, for appellant.

Henry Wade, Dist. Atty., and John J. Orvis, Asst. Dist. Atty., Dallas, for appellee.

Waggoner Carr, Atty. Gen., and Fred D. Ward, Asst. Atty. Gen., amici curiæ.

DIXON, Chief Justice.

Elbert Kenneth Richardson has appealed from a summary judgment in which a Dallas County Court at Law upheld an order of the Texas Department of Public Safety suspending his automobile driver's license for a period of one year.

The order of suspension is based on Sec. 22(a), Art. 6687b, Vernon's Ann.Civ.St., which provides among other things that the Department of Public Safety may suspend a license for a period not greater than one year upon a determination after a hearing before a judge of a corporation court that a licensee is an habitual violator of the traffic law. The statutory definition of the term "habitual violator" includes any person with four or more convictions for moving violations of the traffic laws arising out of different transactions in a period of twelve months.

Appellant's first point on appeal attacks the sufficiency of the notice purportedly informing him of a hearing to be held before a judge of a corporation court in Dallas, Texas on August 2, 1963.

Sec. 22(a), Art. 6687b, V.A.C.S. provides for a hearing "after notification to the licensee or operator * * * upon charges in writing a copy of which shall be given to said operator or licensee not less than ten (10) days before said hearing". The statute further states: "Notice by registered mail to address shown on the license of licensee shall constitute service for the purpose of this Section". This last provision was in effect amended by the passage of Art. 29c V.A.C.S. which provides for service by certified mail where a statute has specified registered mail.

In our opinion the alleged notice did not comply with the above statutory requirements in two particulars:

(1) The letter was not addressed to the "address shown on the license of licensee" as prescribed by the statute. It was addressed to "the last known address given to the Department" by appellant. There is no showing in the record that the two addresses are one and the same in this case.

(2) We believe that the Legislature in enacting Sec. 22(a) of Art. 6687b, V.A.C.S. intended that the letter of notification should actually be delivered at the "address shown on the license of licensee". The letter in this case was never delivered. It was returned to the sender "with such markings as unknown". Nevertheless, the hearing was held in appellant's absence and the suspension for one year was ordered.

The opinions of the courts differ in various jurisdictions as to whether the lack of a sufficient notice, or even the lack of any

notice prior to the issuance of an administrative order is violative of the due process clause of the Constitution. For an annotation of the cases pro and con on the subject see 10 A.L.R.2d 833.

The authorities holding that failure to give notice is not violative of the due process clause point out that the driving of an automobile on a public highway is a privilege, not a right. Usually they qualify their holding to the effect that (1) the statute must provide for a judicial review on appeal of the administrative order, in most instances a trial *de novo*; and (2) the order of the administrative agent must be suspended pending determination of the appeal to the courts. 12 Amer.Jur. 307.

Our statute contains both of the above provisions. It expressly provides that an appeal *de novo* may be had in the county court; and that the order of suspension shall itself be suspended pending the appeal.

■ However, we believe that under the circumstances disclosed by the record the insufficiency of the original notice in this case is not fatal to a trial of the cause—a *de novo* trial—in the County Court at Law. Appellant was evidently notified of the Department's order after the hearing before the judge of a corporation court, for he filed his appeal in the County Court at Law within the thirty-day period named in the statute. By so doing he invoked the jurisdiction of the court for a *de novo* trial both as to himself and his cause. As a result we believe the failure to give sufficient notice of the hearing before a judge of a corporation court became harmless error. For that reason we overrule appellant's first point.

■ In his second point on appeal appellant says that his motion for summary judgment should have been sustained, or in the alternative he should have been granted a trial *de novo* in the County Court at Law. We see no merit in the first part of this point, but we agree with appellant's alternative plea.

■

In a similar case this day decided we held that the statute prescribes a trial *de novo* on appeal to the County Court at Law. Miller v. Texas Department of Public Safety, Tex.Civ.App., 375 S.W.2d 468. In the Miller case Justice Williams discusses fully the question presented in appellant's second point in this case. We shall therefore pretermit further discussion of the issue here. Appellant's alternative plea in his second point on appeal is sustained.

However, we call attention that the *de novo* trial contemplated by the statute does not involve the question of the length of time the licensee's license shall be suspended if he is found by the administrative agent or the County Court to have been guilty as an habitual violator. In the case of Texas Department of Public Safety v. King, Tex., 366 S.W.2d 215, 219, our Supreme Court has held that neither the administrative agent before whom the hearing is held nor the court on appeal may determine the period of the suspension. The statute as interpreted gives only the Department of Public Safety the authority to determine the length of the suspension.

In his third point on appeal appellant attacks two of the notices of convictions which he says are not in compliance with Sec. 22(b) of Art. 6687b, V.A.C.S. and are therefore not valid.

These notices are made out on printed forms like those described in Miller v. Texas Department of Public Safety, supra. The only differences we see in the information given in the two challenged notices here and in the Leroy Miller case are that in this case on one notice following the word "Penalty" and the amount of the fine there is the notation "Receipt #471688 issued"; and on the other notice there is the notation "Receipt 314876 issued". There is no showing as to who allegedly paid the fines for appellant, whether he paid the fines himself or they were paid for him by someone else, nor is there any showing as to whom the receipts were issued. Otherwise the omissions are the same omissions which

we held fatal to the validity of the notices of conviction in Miller v. Texas Department of Public Safety, supra.

Since Justice Williams in the above cited case has stated the grounds for our holding on this subject we shall not repeat them here. Appellant's third point is sustained.

The judgment of the trial court is reversed and the cause is remanded for a trial *de novo* as provided by statute.

Reversed and remanded.