**Farris GENTRY, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 14303.**

Court of Civil Appeals of Texas.

Houston.

March 19, 1964.

Rehearing Denied April 23, 1964.

Second Rehearing Denied May 28, 1964.

Donald Lasof, Charles M. Coussons, Jr., Houston, for appellant.

Joe Resweber, County Atty., Charles J. Wilson, Asst. County Atty., Houston, for appellee.

COLEMAN, Justice.

This is an appeal from a summary judgment granted in a driver's license suspension case.

Farris Gentry, appellant, was adjudicated to be an habitual violator of the traffic laws

in a hearing held in Corporation Court Number 3 of the City of Houston, Texas, under the authority of Article 6687b, Vernon's Annotated Texas Statutes. Pursuant to said adjudication the Texas Department of Public Safety ordered appellant's driver's license suspended for a period of three months. Appellant appealed from the adjudication and suspension order to the County Civil Court at Law No. 1 of Harris County, Texas.

Appellee filed its motion for summary judgment and supported it by an affidavit of the Deputy Custodian of Driver Records, Texas Department of Public Safety, to the effect that the records of the Department reflect that appellant has been convicted of four specified moving violations in a consecutive period of three months, setting out the date of each violation.

Appellant filed a controverting affidavit reading as follows:

"I, Farris Gentry, plaintiff, swear to the following:

"I am not an 'habitual violator' as defined in Article 6687 b, Vernon's Annotated Texas Civil Statutes. I do not have four or more convictions arising out of different transactions in a consecutive period of twelve months, under the terms of Article 6687 b, Vernon's Annotated Texas Civil Statutes. I do not have seven or more convictions arising out of different transactions within a period of twenty-four months, under the terms of Article 6687 b, Vernon's Annotated Texas Civil Statutes.

"I, Farris Gentry, have never been convicted for any offense arising out of a moving violation which occurred on or about April 4, 1961, as the term 'conviction' is defined in Article 6687 b, Section 25, Paragraph (c). I never appeared in open court in connection with said offense and conviction, either in person or by attorney. There has been no forfeiture of bail or collateral deposited to secure my appearance in court in connection with said alleged offense and conviction.

"I, Farris Gentry, have read the foregoing Affidavit, and each and every statement made therein is true and correct."

■ Based on the pleadings and affidavits, the trial court granted the motion for summary judgment. It is appellant's contention that his affidavit raised questions of fact which could be determined only at a trial on the merits.

Article 6687b, Section 25, Paragraph (c) reads as follows:

"For the purpose of this Act, the term 'conviction' shall mean a final conviction. Also, for the purpose of this Act, a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction."

■ Appellee contends that the first paragraph of appellant's affidavit states a conclusion of law and is insufficient for that reason. Appellant has not denied specifically that judgments, finding him guilty of the offenses charged, were rendered. He has not specifically raised a question of mistaken identity. In the absence of such an allegation it would appear that the judgment entered would be the best evidence of the fact of conviction vel non. In order to raise an issue of fact in a summary judgment proceeding the affidavit relied upon must contain statements of fact shown to be within the knowledge of affiant and which would be admissible in evidence at a trial on the merits.

In the second paragraph of his affidavit appellant alleges facts which, if true, would demonstrate that the judgments of conviction entered against him were void. The affidavit of appellee states that appellant was "finally convicted" of the offenses set out and, in each case, paid a fine. The ques-

-tion is whether a judgment in a criminal case is valid where the defendant did not .appear in court either in person or by at-:torney.

The Court of Civil Appeals at Dallas in -the case of Miller v. Texas Department of Public Safety, 375 S.W.2d 468, where similar affidavits were under consideration, stated:

"If it is the contention of appellee -that appellant entered a plea of guilty -the provisions of Art. 518, Vernon's Ann.C.C.P. are not satisfied. There it is provided that a plea of guilty in a misdemeanor case may be made either by the defendant or his counsel in open -court. Art. 580 of Vernon's Ann. C.C.P. provides that in all prosecutions for misdemeanors when the punishment is imprisonment in jail the defendant must be personally present, but Art. 581, Vernon's Ann.C.C.P. provides that in 'other misdemeanor cases' the defendant may, by consent of the state's attorney, appear by counsel and the trial may proceed without his personal presence. While Art. 11 of Vernon's Ann.C.C.P. permits the defendant in a criminal prosecution to waive any rights secured him by law except the right of trial by jury in a felony case, we find no evidence or contention of waiver in this case, and the affidavit of appellant would negative the idea of waiver of appearance either in person or by attorney. See also Texas Department of Public Safety v. Williams, Tex.Civ.App., 356 S.W.2d 848.

"This is an appeal from a summary judgment and in reviewing the judgment we cannot indulge any presumption in favor of the trial court's action. We must view the evidence in the light most favorable to the appellant and resolve all conflicts in his favor. Torres v. Ohio Casualty Ins. Co., Tex.Civ.App., 296 S.W.2d 561; Schepps v. American District Tele-

graph Co. of Texas, Tex.Civ.App., 286 S.W.2d 684; Cowden v. Bell, 157 Tex. 44, 300 S.W.2d 286; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929."

■ Here we have the additional fact that appellant paid fines in each case. Neither fines nor costs could be paid until appellant had been found guilty of an offense and the punishment determined by the court's judgment. Payment of a fine under such circumstances would not constitute a waiver of appellant's statutory or constitutional rights. The record does not reflect that the fine was paid voluntarily. It would hardly comport with our ideals of justice to hold. that one paying a fine as an alternative to arrest thereby waived all of the rights guaranteed a defendant in a criminal prosecution by the Constitution of Texas and of the United States. Palmer v. Texas Department of Public Safety, Tex.Civ.App., 374 S.W.2d 347.

Article I, § 10, of the Constitution of Texas, Vernon's Ann.St., guarantees one accused of crime a speedy public trial by an impartial jury, and that he be confronted by the witnesses against him. Sec. 19 of Article I of the Constitution guarantees him against deprivation of life, liberty and property except by due course of the law of the land.

It can hardly be argued that in the absence of appellant and his attorney appellant could have been afforded his constitutional rights. There is nothing to show that appellant was advised of the conviction within such time as to permit him to seek a new trial or an appeal. There is no allegation that appellant expressly waived any rights afforded by our laws to one accused of crime.

■ It is the burden of one seeking a summary judgment to negative the presence in the case of all issues of fact. Appellee has not met this burden. Texas Department of Public Safety v. Williams, Tex. Civ.App., 356 S.W.2d 848.

The judgment of the trial court is reversed and remanded for a new trial.

### On Motion for Rehearing

In our original opinion we held that a summary judgment was improperly granted in this case because appellant's affidavit stated that he had not been finally convicted of the moving violation of April 4, 1961, in that he had not posted bond, which had been forfeited, nor had he either in person or by attorney appeared in open court in connection with such offense and conviction.

■ The rules of procedure with reference to summary judgments must be complied with closely by the movant, but are somewhat relaxed when applied to the respondent. "The summary judgment is to be applied with caution and will not be granted where there is doubt as to the facts." In re Estate of Price, Deceased (Stone, Petitioner v. State National Bank of El Paso, etc.), Tex.Sup., 375 S.W.2d 900.

■ From the facts alleged in appellant's affidavit, we are in doubt as to whether appellant was afforded a trial prior to the entry of the judgment of conviction. It is appellee's contention that his affidavit establishes that a judgment has been entered for the particular offense alleged and that a judgment of conviction cannot be collaterally attacked in a civil court. We do not agree. Frequently void judgments are attacked collaterally by writ of habeas corpus in the Court of Criminal Appeals. Ex parte George Washington, 168 Tex.Cr. R. 366, 328 S.W.2d 188; Ex parte James R. Kelley, 161 Tex.Cr.R. 330, 277 S.W.2d 111; Ex parte Williams, 146 Tex.Cr.R. 378, 175 S.W.2d 420; Ex parte Boggs, 146 Tex.Cr. R. 86, 171 S.W.2d 879.

In 27 Tex.Jur.2d, Habeas Corpus, § 10, it is stated: "Where a person is restrained under color of legal process, he is entitled to be released on habeas corpus if the process is *void* for want of compliance *with the* *fundamental requirements of law.*" (Emphasis added.)

■ The cases cited above demonstrate that a judgment of conviction for crime is void unless such conviction was obtained "by the due course of the law of the land." In Bumguardner v. State, 149 Tex.Cr.R. 188, 179 S.W.2d 768, the Court said:

"Article I, Section 19 of the Constitution of Texas, Vernon's Ann.St., says: 'No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.' Our courts have frequently quoted with approval from Mr. Cooley the following: 'By the law of the land is most clearly intended the general law; a law which hears before it condemns, which proceeds upon inquiry *and renders judgment only after trial*. The meaning is that every citizen shall hold his liberty, life, property and immunities under the protection of the general rules which govern society.' " (Emphasis added.)

In Ross v. State, 156 Tex.Cr.R. 164, 233 S.W.2d 126, reversed 341 U.S. 918, 71 S.Ct. 742, 95 L.Ed. 1352, the Court said: "Due process of law means only 'a fair and impartial trial' upon the facts. Lisenba v. People of State of California, 314 U.S. 219–243, 62 S.Ct. 280, 86 L.Ed. 166, 167."

The Supreme Court of Texas has held that due process of law requires notice and an opportunity to be heard, *together with evidence heard by the court*, to sustain its judgment of contempt. Ex parte White, 149 Tex. 155, 229 S.W.2d 1002; Ex parte Hardin, 161 Tex. 567, 344 S.W.2d 152.

■ As the Court of Civil Appeals at Dallas pointed out, in Miller v. Texas Department of Public Safety, 375 S.W.2d 468, Article 518, Vernon's Ann.C.C.P. requires that a plea of guilty in a misdemeanor case be made either by the defendant or his counsel in open court. Article 581, Ver-

non's Ann.C.C.P. provides that where, with the consent of the State's attorney, the defendant appears by counsel, the trial may proceed without his personal presence. While we have found no cases on the question, we would doubt the soundness of a rule of law permitting a defendant not in open court, to waive his right to be present at his trial in person or by attorney. In any event such a waiver should not be presumed from the fact of a judgment, since waiver ordinarily is a voluntary or intentional action, although it may be implied from the actions or conduct of the party against whom it operates. Coleman Production Credit Ass'n v. Mahan, Tex.Civ.App., 168 S.W.2d 903.

Appellant's affidavit negatives the idea of express waiver.

■ A void judgment has been defined as "one which has no legal force or effect, invalidity of which may be asserted by any person whose rights are affected at any time and at any place directly or collaterally." Black's Law Dictionary, citing Reynolds v. Volunteer State Life Insurance Co., Tex.Civ.App., 80 S.W.2d 1087, writ ref.

■ This rule applies to judgments rendered in prosecutions for criminal offenses as well as civil wrongs. The statute authorizing forfeiture of the privilege of operating motor vehicles on the public streets by an habitual violator of the traffic laws defines "habitual violator" as one with a certain number of "convictions". Article 6687b, Sec. 22(b), par. 4. It is assumed that the legislature intended that the convictions be valid convictions. Public policy does not require that the courts of limited jurisdiction recognize as valid a judgment of conviction which the evidence shows to be void.

■ It has been called to our attention that in metropolitan areas it is frequently the custom for one charged with moving violations to ascertain the customary fine for such violations and pay to the munici-

pality that amount by mail or at a clerk's window. The affidavits filed by appellant and appellee suggests that some such procedure was followed in this case. In such a case the judgment is void because in the absence of a plea and evidence in open court, no trial has been held. Here the facts in this respect are, at least, in doubt.

On reconsideration we are also of the opinion that appellant's affidavit is sufficient to raise a question of fact as to whether or not appellant is the person adjudged guilty of the violation of April 4, 1961. In a case involving the revocation of a license to practice dentistry upon proof of conviction of a felony, the Court of Civil Appeals at Austin held that it was necessary to prove the identity of the licensee with the defendant in the judgment of conviction. Francisco v. Board of Dental Examiners, Tex.Civ.App., 149 S.W.2d 619, writ ref. While the affidavit filed in connection with appellee's motion for summary judgment states that the operating record of Farris Gentry shows a final conviction of the particular offense in question, there is nothing in the record by way of affidavit, admissions or otherwise proving that the Farris Gentry against whom the judgment of conviction was rendered, was the same person as appellant.

■ Appellee contends that this Court is bound to assume that the reports of conviction of offenses made to the Department of Public Safety by the respective courts are proper and complete, and since certain information is required to be included in the report by Article 6701d, Sec. 152, V.A.C.S., including the plea entered by the defendant in the case, we must assume that a plea was entered. We cannot agree with this contention. Even if we assume that all information required by law was included in the report, it is not in evidence in this case. The affidavit does not state that a plea was entered. Neither the judgment nor the report is attached to the motion for summary judgment. Even if appellant has waived his right to complain on appeal of the fail-

ure to attach to the motion for summary judgment certified copies of the various judgments, it cannot be said that he is bound by recitations in the judgment of which there is no evidence. The report might show that no plea was entered.

We have found it unnecessary to consider whether parol testimony might be admitted, under a plea of lack of due process of law, to contradict recitations contained in the judgments convicting appellant since the judgments were not attached to the motion for summary judgment.

The motion for rehearing is overruled.