Charles Thomas CROWE, Appellant,

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

Alfred Lee WALLIS, Appellant,

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

Nos. 7563, 7564.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 24, 1966.

Rehearing Denied Feb. 21, 1966.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, James H. Doores and Folley, Snodgrass, Calhoun & Kolius, Joe Bob Brown, Amarillo, of counsel, for appellants.

Naomi Harney, County Atty., Charles W. Fairweather and Paul D. Funderburk, Asst. County Attys., Amarillo, for appellee.

NORTHCUTT, Justice.

These are driver's license suspension cases. Pursuant to the provisions of Article 6687b, Section 22(a) Vernon's Ann.Civ. St. as amended, the Texas Department of Public Safety caused Charles Thomas Crowe and Alfred Lee Wallis to appear before a justice of the peace of Potter County, Texas, for a hearing to determine whether they were habitual traffic violators within the meaning of Article 6687b, Section 22(b), Paragraph 4, V.A.C.S. The justice of the peace made an affirmative finding and the Texas Department of Public Safety suspended the driver's license of both of these appellants for a certain period of time. From those orders both Crowe and Wallis appealed to the County Court at Law of Potter County, Texas, by authority of Article 6687b, Section 22(c) V.A.C.S.

Both cases were presented to the trial court on motions for summary judgment filed by appellants and appellee. Appellants' motions were denied and the motions of Texas Department of Public Safety were granted in both cases authorizing the Department to suspend appellants' drivers' licenses. From those judgments appellants perfected this appeal. On joint motion the cases have been consolidated for purpose of briefing, argument and presenting here.

Appellants by their four assignments of error contend the court erred in granting appellee's motion for summary judgment because appellants as a matter of law were not habitual violators of the traffic law; in denying appellants' motions for summary judgment because the evidence established as a matter of law that neither appellant had been convicted as many as four times for moving traffic violations occurring within twelve months period; in holding appellants were habitual violators and in holding that each appellant had four or more convictions occurring within twelve months period.

Attached to the motion of Texas Department of Public Safety for summary judgment as against Crowe are five notices of conviction duly executed by the judge of the Corporation Court of Amarillo, Texas. There were six notices of convictions duly executed by the judge of the Corporation Court of Amarillo, Texas, attached to the motion for summary judgment as to Wallis. Proper notices were given to both appellants as provided under Article 3731a, if such notices should be considered as necessary. In each and all of said notices of conviction attached to the motion for summary judgment contained all of the requirements set out in Article 6701d, Section 152(c).

It seems to be the sole contention of appellants that since they did not appear either in person or by attorney before the court on any of the subject tickets and made no plea before the court and did not give bail, bond or other security but paid their fines at the window of the Corporation Court clerk, the appellee is not entitled to cancel their licenses. The undisputed record shows from the certificates of the judge of the Corporation Court they pleaded guilty and paid the fines. We hold this is sufficient proof of convictions as contemplated under the law.

We are of the opinion, and so hold, that the matters here involved have been determined by the Supreme Court of this state contrary to the contentions of appellants and are binding on this court. Texas Department of Public Safety v. Richardson, Tex., 384 S.W.2d 128; Texas Department of Public Safety v. Miller, Tex., 386 S.W.2d 760; Texas Department of Public Safety v. Gentry, Tex., 386 S.W.2d 758.

We have carefully considered all of appellants' assignments of error and overruled all of them. Judgment of the trial court is affirmed.

CHAPMAN, Justice (dissenting).

I respectfully dissent. This dissent is in lieu of my dissent to the majority opinion announced on January 24, 1966, and after Motion for Rehearing was acted on by the majority. (All emphases herein are mine.)

The notices or abstracts of convictions in both cases herein show on the face of each to be invalid in that they show: "Defendant did not appear in open court. Fine paid at window of clerk's office." Affidavits of the judge of the Corporation Court and affidavits of deputy clerks corroborate the showing on the faces of the abstracts of convictions. The affidavits of the judge show the numbers of the tickets that correspond to the numbers upon which the abstracts of convictions were based. His affidavit says as to each party proceeded against that they were never convicted " * * * in this court, never entered any plea on any of said tickets before the court, never appeared in open court either in person or by attorney on said tickets, and never forfeited bail or bond or other security as a result of said tickets."

The majority opinion states: "The undisputed record shows from the certificates of the judge of the Corporation Court they pleaded guilty and paid the fines."

I have to respectfully disagree with my associates that the statement just quoted is supported by the record. This is a summary judgment proceeding and the record is limited to those components of summary judgment proceedings provided for in Rule 166–A, V.A.T.R., enumerated in Section (c) of said rule; i. e., the pleadings, depositions, and admissions on file, together with the affidavits, if any. I have searched the entire record and I have to say, with all due respect to the above quote from the majority opinion, that the record does not support such statement.

The only documentary evidence offered on the motion of appellee for summary judgment are some instruments denoted "Notice of Conviction." Such instruments nowhere show that appellants ever appeared before any magistrate or ever pleaded guilty or nolo contendere to anyone in open court. As to appellant Crowe, only one of the five notices indicates a plea of guilty in the space provided for showing the type plea made. Two show nolo contendere, two are blank, and one shows a plea of guilty. As to appellant Wallis, three show pleas of nolo contendere and three pleas of guilty. Therefore, these summary judgment components show on their faces there were not four valid convictions against either appellant, no pleas or convictions having been perfected under Article 518, C.C.P., as amended Acts 1959, 56th Legislature, p. 257, Ch. 149, Sec. 5. As to appellant Crowe, the abstracts of convictions show on their faces there were not four valid pleas of any type. The abstracts of convictions show in each case: "Defendant did not appear in open court. Fine paid at window in clerk's office." So, the abstracts of convictions that show any type of plea contradict themselves. I know of no rule existing at the time these cases were disposed of which permitted a defendant in a misdemeanor to plead guilty or nolo contendere before a clerk, and the Austin Court of Civil Appeals has held that a mailing of a fine to the Corporation Court in the amount shown on the notice is not a legal plea of guilty in the absence of appearance in the court either in person or by attorney. Mooneyhan v.

Benedict, Tex.Civ.App., 284 S.W.2d 741 (writ ref., N.R.E.).

The summary judgment components upon which the judgments here under attack must depend show upon their faces to be contrary to the affidavit made by Mr. Rigler, the acting Deputy Custodian of the Department of Public Safety, Driver Records Division. He makes affidavit that upon his own personal knowledge the operating records of Charles Thomas Crowe show convictions for the moving violations of the traffic laws of the State of Texas. How could the man possibly know of his own personal knowledge such a fact? The affidavits of two of the clerks of the Corporation Court contradict him and the judge of the court before whom such pleas and convictions would have had to be made contradict him. The notices of convictions, the only documentary evidence of pleas of guilty or nolo contendere, on their very faces contradict him. In the face of the record here it is my opinion if Mr. Rigler attempted to testify personally in open court to such a fact as he swore he had personal knowledge of in his affidavit it would not be admissible if properly challenged unless he testified he was personally present, heard the pleas and heard the sentences. Even then it is doubtful if it would be admissible because the judgments would be the best evidence. Rule 166–A, V.A.T.R., Section (e) provides, inter alia, the affidavit must show affirmatively the affiant is competent to testify to the matters stated therein. We are without authority to indulge such implication in a summary judgment proceeding, since we are required to resolve every reasonable intendment against the judgment. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. All the notices of conviction show the defendants did not appear in open court, a requirement under both Articles 505, C.C.P., and 518, C.C.P., as amended before the new Code of Criminal Procedure. Article 505, C.C.P., as amended, Acts 56th Legislature, p. 257, Ch. 149, Sec. 3, is perhaps not applicable here because it refers to indictments and informations, pleadings in criminal cases generally applicable to prosecutions in county courts and district courts.

The *RICHARDSON* case cited and relied on by the majority held: *"Unless the invalidity of these judgments is proclaimed upon the face of the judgments themselves, such judgments in this proceeding are to be afforded verity until set aside by a court having jurisdiction to do so."* If the instruments denoted "Notice of Conviction" in the records are what the Department relies on for judgments their invalidity shows on their faces. If they are called "abstracts of convictions" as they are referred to in *RICHARDSON*, they are still the only documentary records of the judgments and still show on their faces to be invalid as convictions.

The very article under which the licenses here under consideration were revoked provides that all appeals prosecuted in any of the courts of this state pursuant to Section 22(a) shall be de novo as that term is used and understood in appeals from justice of the peace courts to county courts and that under no circumstances shall the substantial evidence rule as interpreted and applied to appeals prosecuted under the provisions of the act be used or applied.

The court in the RICHARDSON case stated it did not reach that question in that case, which is obvious. However, it appears clear to me that an appellate court will have to hold, where the question is reached, that a trial such as the one appealed to us in this case is a trial de novo and the substantial evidence rule does not apply. To hold otherwise would be to legislate by judicial decree directly against a legislative act. Therefore, it was not the duty of appellants in the instant case to overcome the substantial evidence rule in their trial in the county court at law and show the administrative order to be arbitrary or capricious. To the contrary, they are protected by the summary judgment rules which require that we resolve every reasonable intendment against the judgments. Gulbenkian v. Penn, supra.

Components of the summary judgment rule were used by all parties in the instant case. For the Department the affidavit of Mr. Rigler was used and the instruments designated "Notice of Conviction" were relied on. As I have already stated those refute on their face any legal convictions.

The appellants' affidavits contradict Mr. Rigler's affidavit. Also affidavits were made by the corporation judge and two clerks of the Corporation Court showing the appellants were never legally convicted. If the affidavit of Mr. Rigler could be considered, a fortiori, the affidavits of the judge and the clerks of the court should be considered. If this is not enough to raise a fact issue in a trial de novo then the Notices of Conviction raise a fact issue on their faces.

I am unable to see how the majority can find in the RICHARDSON case any relief for their position in the instant case. There the Supreme Court stated the abstracts of conviction in that case relate to *convictions* against the parties proceeded against. The opposite is shown here, or in any event a fact issue is raised by the affidavits, and even upon the very face of the instruments relied on. In *RICHARDSON* the court simply held that an affidavit of the attorney for appellant did not overcome the notices of convictions *which showed on their face that Richardson was convicted of the offenses relied on for forfeiture of his license.* If the notices or abstracts of conviction relied on here show on their faces there were not four valid convictions against either appellant, as they certainly do, they could have been corrected by the method we suggested in Department of Public Safety v. Guleke, Tex.Civ.App., 366 S.W.2d 662 and approved in the *Miller* case cited by the majority.

So, there certainly are material distinctions in our cases and the *RICHARDSON* case and the *GENTRY* per curiam by the Supreme Court. I certainly do not understand the *RICHARDSON* case to hold that a payment of a certain fee to a clerk at a window constitutes a valid conviction de-

spite Articles 505 and 518, C.C.P., as amended before they were amended by Articles 27.02 and 27.14 of the new code. The Court was simply passing on the record it had before it and holding that the judgments they were passing upon could not be attacked collaterally unless the invalidity of such judgments was proclaimed upon their faces. Here the invalidity of such purported judgments is proclaimed upon the faces of the abstracts of judgment, the only summary judgment components for appellee other than Mr. Rigler's affidavit.

In Gentry v. Texas Department of Public Safety, Tex.Civ.App., 379 S.W.2d 114, 119, the Houston Court of Civil Appeals said:

"It has been called to our attention that in metropolitan areas it is frequently the custom for one charged with moving violations to ascertain the customary fine for such violations and pay to the municipality that amount by mail or at a clerk's window. The affidavits filed by appellant and appellee suggests that some such procedure was followed in this case. In such a case the judgment is void because in the absence of a plea and evidence in open court, no trial has been held."

To make such procedure as that just mentioned in the *Gentry* case legal the new Code of Criminal Procedure has added the following: "In a misdemeanor case arising out of a moving traffic violation for which the maximum possible punishment is by fine only, payment of a fine, or an amount accepted by the court constitutes a finding of guilty in open court, * * *." Article 27.14, Code of Criminal Procedure, S.B. No. 107.

If I may be forgiven now for indulging in a few statements that would have to be classified in the category of obiter dicta I should like to use this forum to express my objections to the new Code of Criminal Procedure represented in the present Article 27.14, wherein the mere payment of a fine for a moving violation without an appearance in open court either in person or by

counsel constitutes a finding of guilty. I make these statements as one who has never paid a traffic fine in his life.

It is common knowledge among lawyers, law enforcement agencies, news media and many laymen that parts of the new code are highly controversial. Seminars conducted over the state by the attorney general, newspaper articles, luncheon club addresses and political announcements of those seeking state legislative positions have indicated efforts will be made to amend parts of the code. In my opinion the first that should be stricken is to delete the last sentence in Article 27.14 of the new code which provides that the payment of a fine or an amount accepted by the court constitutes a finding of guilty in open court.

The great percent of citizens receive their impressions of courts from their experiences in Corporation Court. If the word "courts" is going to be prostituted simply to make it convenient for metropolitan areas to use Corporation Courts as collection agencies, requiring an appearance in open court neither by counsel nor litigant, but permitting payment for offenses committed as one would pay a monthly bill at the grocery store, then we may expect the attitude of the average citizen toward courts of record to be tainted with the respect accorded the morals and manners of the market place in its most anti-social manifestations.

Since I am already outside the record in the last paragraph, I will say further that top business executives and past presidents of Rotary Clubs such as Charles Crowe should be required to appear in open court in person or by counsel when they have been charged with a moving traffic violation rather than following the expedient of sending a check to a clerk because it is less expensive. It is common knowledge that such expedient is resorted to many times by businessmen even though the alleged offender has a valid and legal defense to the charge filed against him. In the business fraternity it is considered proper because it is less expensive.

Since Articles 27.02 and 27.14 of the new Code of Criminal Procedure, superseding Articles 505 and 518, C.C.P. as amended were not in effect at the time judgments were granted taking away from citizens of this community the right to drive their automobiles to their places of business and since the records show on their faces that the Articles of the C.C.P. then in effect were not complied with, thus precluding the legal right to a judgment summarily rendered, I would reverse the case for a trial on its merits to determine if the appellants were legally convicted for offenses justifying cancellation of their driver's licenses.