**TEXAS DEPARTMENT OF PUBLIC SAFETY, Petitioner,**

v.

**Freddie Lee KING, Respondent.**
No. A–9349.

Supreme Court of Texas.
April 3, 1963.

Henry Wade, Dist. Atty., Dallas, John J. Orvis, Asst. Dist. Atty., for petitioner.

Yarborough, Yarborough & Johnson, Dallas, Roger L. Turner, Dallas, with above firm, for respondent.

STEAKLEY, Justice.

On November 24, 1961, a corporation court of the City of Dallas made an affirmative finding that Respondent was an habitual violator of the traffic law. Pursuant thereto, on December 6, 1961, the Department of Public Safety ordered Respondent's driving privileges suspended for twelve months. Respondent appealed to the County Court at Law No. 2 of Dallas County pursuant to Section 22(c) of Article 6687b, Vernon's Ann.Civ.St. Both Respondent and Petitioner filed motions for summary judgment. Petitioner's motion was granted and Respondent appealed. The Court of Civil Appeals reversed and remanded the case, holding that Respondent was entitled to a jury trial on the question of his guilt and, if found guilty, on the question of the length of time his license would be suspended. Tex.Civ.App., 362 S.W.2d 131. The Court of Civil Appeals recognized that our courts have upheld the applicability of the summary judgment procedure in appeals involving the habitual violator issue (citing Smith v. Texas Department of Public Safety, Tex.Civ.App., 352 S.W.2d 958, and cases cited), and said:

> "On a subsequent trial of this case there will likely be an instruction that the notices of conviction when introduced was sufficient evidence to show that appellant was guilty of these offenses leaving only the fact question for the jury of the length of the suspension of King's license, not to exceed one year."

We granted writ of error to review the holding that the appeal provisions of Section 22(c) require a determination by the court or jury of the license suspension period.

As observed in the concurring opinion in the Court of Civil Appeals, the constitutionality of Section 22 as amended in 1959 is not raised by the parties.

The Legislature in 1959 [1] amended Section 22 of the Drivers' Licenses Act of 1941 [2] by adding Section 22(c). Section 22(a) was re-enacted in full in the 1959 amendment. This was also true of Section 22(b), except for the addition of a definition of the term "habitual violator" and a ninth reason for license suspensions.

[1] Acts 1959, 56th Leg., 2d C.S., p. 161, Ch. 41, § 1.

[2] Acts 1941, 47th Leg., R.S. p. 245, Ch. 173.

Sections 22(a) and 22(b) provide as follows:

"(a) When under Section 10 of this Act the Director believes the licensee to be incapable of safely operating a motor vehicle, the Director may notify said licensee of such fact and summons him to appear for hearing as provided hereinafter. Such hearing shall be had not less then ten (10) days after notification to the licensee or operator under any of the provisions of this Section, and upon charges in writing a copy of which shall be given to said operator or licensee not less than ten (10) days before said hearing. For the purpose of hearing such cases jurisdiction is vested in the mayor of the city, or judge of the police court, or a justice of the peace in the county or subdivision thereof where the operator or licensee resides. Such court may administer oaths and may issue subpoenas for the attendance of witnesses and the production of relative books and papers. It shall be the duty of the court to set the matter for hearing upon ten (10) days written notice to the Department. Upon such hearing, in the event of an affirmative finding by the court, the officer who presides at such hearing shall report the same to the Department which shall have authority to suspend said license for a period not greater than one (1) year, provided, however, that in the event of such affirmative finding the licensee may appeal to the county court of the county wherein the hearing was held, said appeal to be tried de novo. Notice by registered mail to address shown on the license of licensee shall constitute service for the purpose of this Section.

"(b) The authority to suspend the license of any operator, commercial operator, or chauffeur as authorized in this Section is granted the Department upon determining after proper hearing as hereinbefore set out that the licensee:

"1. Has committed an offense for which automatic suspension of license is made upon conviction;

"2. Has been responsible as a driver for any accident resulting in death;

"3. Is an habitual reckless or negligent driver of a motor vehicle;

"4. Is an habitual violator of the traffic law.

"The term 'habitual violator' as used herein, shall mean any person with four or more convictions arising out of different transactions in a consecutive period of twelve (12) months, or seven (7) or more convictions arising out of different transactions within a period of twenty-four (24) months, such convictions being for moving violations of the traffic laws of the State of Texas or its political subdivisions.

"5. Is incapable to drive a motor vehicle;

"6. Has permitted an unlawful or fraudulent use of such license;

"7. Has committed an offense in another state, which if committed in this state would be grounds for suspension or revocation;

"8. Has failed or refused to submit a report of any accident in which he was involved as provided in Section 39 of this Act;

"9. Has been responsible as a driver for any accident resulting in serious personal injury or serious property damage."

As relevant here, the appeal provisions of Section 22(c) added by the 1959 amendment are as follows:

"(c) Any licensee who is not willing and does not consent to abide by the final ruling or decision of the Department suspending said license, and whose license has been suspended under or by reason of any of the provisions set forth in subparagraphs '3,' '4,' '5,' '8,' and

'9,' under subsection (b) immediately above, may, within thirty (30) days after the date of receipt of notice of the suspension of such license from the Department, bring suit in the county court, or county court at law, of his residence to vacate and set aside said final ruling and decision suspending said license, which suit shall be either before the court or a jury at the election of the licensee, and said court shall, in either event, determine the issues in such cause, instead of the Department, upon a trial de novo, and shall be tried the same as if there had been no prior hearing on the matter of suspension of said license and in the same manner as a trial in the county court on appeal from the justice court, and the rights of the parties thereto shall be determined by the court upon a trial of the matters in controversy under rules governing the trial of other civil suits in the same manner and to the same extent as though the matter had been committed to the courts in the first instance and there had been no intervening administrative or executive action or decision. Under no circumstances shall the substantial evidence rule as interpreted and applied by the courts of Texas in other cases ever be used or applied to appeals prosecuted under the provisions of this Act. Any such licensee as may bring suit to vacate and set aside such ruling and decision, shall send a copy thereof, certified to by the clerk of said court, to the Department by registered mail. If any licensee who is a party to such final ruling and decision of the Department fails within thirty (30) days to institute or prosecute a suit to set such suspension aside, then said final ruling and decision of the Department shall be binding upon all parties thereto.

\* \* \* \* \* \*

"Pending final determination of the appeal, the license shall not be deemed suspended and any suspension order by the Department is itself suspended and is hereby set aside pending appeal except as may be hereinafter provided."

Section 31 of Article 6687b was unchanged by the 1959 amendment and for reference is quoted in the footnote.[3] We reserve the question of the effect, if any, of the addition of Section 22(c) upon Section 31.

█ We construe Section 22(c) to afford a licensee an election between the appeal provisions of Section 22(a) and Section 22(c). He may appeal the affirmative finding of guilt by the hearing officer to the county court under Section 22(a) which does not require or contemplate an actual suspension of the license by the Department prior, or as a prerequisite, to the appeal.

If the license is suspended on the basis of suspension reasons 3, 4, 5, 8, or 9 of Section 22(b), the appeal provisions of Section 22(c) are also available to him. In such cases, he can await the order of the Depart-

3. "Any person denied a license or whose license has been cancelled or revoked by the Department except where such cancellation or revocation is automatic under the provisions of this Act shall have the right to file a petition within thirty (30) days thereafter for a hearing in the matter in the County Court at Law in the county wherein such person shall reside, or if there be no County Court at Law therein, then in the county court of said county, and such court is hereby vested with jurisdiction, and it shall be its duty to set the matter for hearing upon ten (10) days written notice to the Department, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this Act.

"Provided the trial on appeal as herein provided for shall be a trial de novo and the licensee shall have the right of trial by jury and his license shall not be suspended pending the appeal.

"Provided further in cases herein provided for suspension of license, the filing of the petition of appeal shall abate said suspension until the trial herein provided for shall have been consummated and final judgment thereon is had."

ment suspending his license on the basis of the prior affirmative finding of the hearing officer and, if unwilling to accept the decision of the Department, bring an appeal suit pursuant to Section 22(c). This suit is from the final ruling or decision of the Department; it is to vacate and set aside the decision suspending the license. The appeal court is to "determine the issues in such cause, instead of the Department" and the cause "shall be tried * * * as if there had been no prior hearing on the matter of suspension." The suspension order of the Department, however, is not nullified by the appeal but is itself suspended and stayed pending the appeal.

■ The question is whether the Legislature intended that in the Section 22(c) appeal only the guilt or innocence of the licensee would be determined by the court or jury. Or, whether it was intended that the court or jury would have the duty of determining the length of the license suspension. There is basis in the language of Section 22(c) for both constructions. We are persuaded to the former. There is no express or specific provision in the 1959 amendment of Section 22 that the Department has the duty of determining the period of suspension in Section 22(a) appeals, which is clearly the case as shown earlier, but does not have the duty of doing so in Section 22(c) appeals. Section 22(c) provides no maximum period of suspension if it is construed that the court or jury is to determine the length of suspension. The result would be that the court or jury could suspend driving privileges for one year, five years, and so on, whereas the Legislature has expressly prescribed that the Department may suspend a license for no longer than one year.

In specifying the nature of the Section 22(c) appeal, the Legislature provided that the trial shall be "as if there had been no prior hearing on the matter of suspension." The only "prior hearing" provided in Section 22 is held by the mayor, or police judge, or justice of the peace. The only affirmative finding of guilt is by such hearing

officer. The Department does not conduct a hearing at any stage of the suspension procedure. The affirmative finding of the hearing officer is not upon, and does not include, the question of the length of suspension of the driving privileges. Without doubt the appeal under Section 22(a) in the 1941 Act, and as re-enacted in the 1959 amendment, is from the finding of guilt only. The Legislature delegated to the Department the sole responsibility of determining the period of suspension. There is no expressed legislative intent in the 1959 amendment adding Section 22(c) that this duty is to be performed by the court or jury in Section 22(c) appeals. To the contrary, it is expressly provided that the decision of the Department is itself suspended—not nullified or rendered naught—during the appeal. The necessary inference from this provision is that if the guilt of the licensee is sustained on appeal, the suspension order of the Department thereupon becomes effective.

We recognize that the problem of construing the statute to solve the problem at hand is not free from difficulties. The construction we have adopted is in keeping with the expressed intent of the Legislature in the original Act of 1941 to delegate to the Department of Public Safety the duty to determine the period of suspension of driving privileges, and the absence of any evident intent in the 1959 amendment to alter the suspension procedure in this respect.

■ One other question is presented. In the appeal by Respondent to the County Court at Law, Petitioner was granted summary judgment upholding the previous affirmative finding that the Respondent was an habitual violator. Respondent recognizes that our courts have upheld the applicability of summary judgment procedure in appeals involving the habitual violator issue but contends that he was entitled to summary judgment because the four convictions established in the motion of Petitioner for summary judgment were not within a consecutive twelve-months period, although the four transactions upon which the four convictions were based were with-

in a consecutive twelve-months period. We overrule the contention. The definition of an habitual violator in Section 22(b) is quoted in the forepart of this opinion. It requires a minimum of four convictions, the transactions underlying which must have arisen in a consecutive period of twelve months. The definition does not require the convictions to have become final within the consecutive twelve-months period.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.