**TEXAS LIQUOR CONTROL BOARD, Appellant.**

**v.**

**CLUB GALAXIE, Appellee.**

**No. 16398.**

Court of Civil Appeals of Texas.

Dallas.

June 19, 1964.

Waggoner Carr, Atty. Gen., and Brady S. Coleman, Asst. Atty. Gen., Austin, for appellant.

No appearance for appellee.

DIXON, Chief Justice.

Our former opinion in this case is withdrawn and is replaced with this opinion.

Texas Liquor Control Board has appealed from a judgment of a district court modifying an order of the Administrator of the Board, by which order the Administrator cancelled the Private Club Registration Permit of appellee Club Galaxie.

After this appeal had been perfected attorneys for appellee with our permission withdrew as counsel for appellee. No brief has been filed in behalf of appellee.

The trial court's judgment agrees with the Liquor Board's order to the extent that the court found appellee guilty of violating Sec. 1, Pars. 1(c) and 7(h) of Art. 666–15 (e) of Vernon's Penal Code of the State of Texas in that appellee purchased liquor for a liquor pool without having assessed the membership in advance as provided by the statute. However, the court then modified the Administrator's order by decreeing a

ten-day suspension of appellee's permit instead of a cancellation thereof.

Appellant's first point on appeal charges that the court violated Art. 2, Sec. 1 of the Constitution of Texas, Vernon's Ann.St., by holding a *de novo* trial on appellee's appeal from the Administrator's order rather than a trial under the substantial evidence rule. We shall not pass on appellant's first point because the question becomes immaterial in this case due to our sustaining appellant's second point.

In its second point appellant asserts that the cancellation or suspension of a permit is administrative in character, not judicial, therefore the court, after finding appellee guilty of violating the statute, was without power to modify the Administrator's order by restoring appellee's permit and assessing a ten-day suspension.

With appellant's second point we agree. Sec. 1, Par. 7, of Art. 666–15(e), Vernon's Penal Code, gives the Board or its Administrator the authority to cancel or suspend for a period not to exceed sixty days any Private Club Registration Permit upon a finding that the club has violated the statute. The statute in this particular is similar to the provisions of Secs. 22(b) and (c) of Art. 6687b, Vernon's Ann.Civ.St., pertaining to the cancellation or suspension of an automobile driver's license. We cite the opinion of our Supreme Court in Texas Department of Public Safety v. King, Tex., 366 S.W.2d 215, as authority for holding here that Sec. 1, Par. 1(c) and Pars. 7 and 7(h) of Art. 666–15(e), Vernon's Penal Code, delegate to the Liquor Control Board or its Administrator the sole responsibility for determining whether a permit shall be cancelled or suspended when a permittee is guilty of violating the statute. If the guilt of the accused is sustained on the appeal to the district court the cancellation order of the Liquor Board becomes effective. The court does not have authority to modify the order of cancellation after finding the accused guilty of violating the statute. Appellant's second point is sustained.

The judgment of the trial court is reversed and judgment is here rendered confirming the Administrator's order cancelling appellee's Private Club Registration Permit.

Reversed and rendered.