**Montague F. SCHWANTZ et al., Appellants,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 4601.**

Court of Civil Appeals of Texas.

Waco.

April 27, 1967.

Rehearing Denied May 18, 1967.

R. E. McDaniel, Winnie, William T. Moore, Bryan, for appellants.

Crawford C. Martin, Atty. Gen. of Texas, Austin, Hawthorne Phillips, J. C. Davis, Lewis E. Berry, Jr., Asst. Attys. Gen., for appellee.

## OPINION

WILSON, Justice.

The question presented by appellants in this case is whether Art. 6701h, Sec. 2(b), Vernon's Ann.Civ.Stat., is a mere venue provision, or whether it fixes exclusive jurisdiction in a single county for review of orders of the Texas Department of Public Safety.

A petition was filed in the County Court of Chambers County by 24 plaintiffs seeking a declaratory judgment that Art. 6701h is unconstitutional for a number of asserted reasons; that orders of the Department suspending drivers' licenses and registration certificates of plaintiffs arising from accident cases be declared void and their enforcement enjoined; that it be declared the statute does not confer exclusive jurisdiction for review of Department orders. The plaintiffs alleged their action was "both an appeal" from the suspension orders as contemplated by the statute "and is a suit for declaratory judgment."

Plaintiffs pleaded: "None of the plaintiffs are residents of Chambers County."

Sec. 2(b) of Art. 6701h, as material here, provides:

"Any order or act of the Department, under the provisions of this Act, may be subject to review within thirty (30) days after notice thereof, or thereafter for good cause shown, by appeal to the County Court * * * at the instance of any party in interest and in the county wherein the person aggrieved by such order or act resides."[1]

The trial court sustained the Department's motion to dismiss the case for want of jurisdiction because the pleading showed on its face that plaintiffs were not residents of Chambers County. Plaintiffs' sole point is that the court erred in dismissing the case for want of jurisdiction.

The Department answers that this is a declaratory judgment action; that it is a suit without consent against the State under such decisions as W. D. Haden Company v. Dodgen, 158 Tex. 74, 308 S.W.2d 838, and the judgment should be affirmed on that ground. Although this is more than a declaratory judgment action, being also an appeal from the suspension orders complained of, it is not necessary for us to pass on the contention.

Texas statutory provisions for review of administrative decisions frequently prescribe the county in which proceedings are to be instituted.[2]

---

1. Art. 6687b, Sec. 22(a) V.A.C.S., provides, as to hearings, that "jurisdiction is vested" in the county or subdivision thereof where the operator or licensee resides. Sec. 22(c), id., provides, as to license suspension orders, the licensee "may" bring suit in the County Court, or County Court at Law of his residence. See Texas Department of Public Safety v. King (Tex.1963), 366 S.W.2d 215. Sec. 31, id., as to denial cancellation or revocation, prescribes that the licensee "shall have the right" to file a petition for hearing in the county court or county court at law "in the county wherein such person shall reside."

2. They are not uniform in their terms. E. g.: State Board of Public Accountancy: Shall be filed "in the District Court of the county where the defendant resided at the time the acts complained of were committed." Art. 41a, V.A.C.S.; Commissioner of Agriculture: "may appeal to any Court of competent jurisdiction within the county in which such premises lie situate." Art. 135a–2, Sec. 4, V.A.C.S.; Securities Commissioner: "May file" in the District Court of Travis County. Art. 581–27, V.A.C.S.; Board of Control: "[N]o other suit shall be brought against the Board of any other character, except in the District Court of Travis County." Art. 606, V.A.C.S.; Secretary of State (trade marks): Shall be "subject to judicial review in the State District Court of Travis County." Art. 851–C, V.A.C.S.; Commissioner of Health: "May file an action" in "any of the district courts of Travis County." Art. 4476–5, V.A.C.S.; Texas State Board of Medical Examiners: "May" take an appeal "to any of the district courts in the county of his residence." Art. 4506, V.A.C.S.; id., Texas Board of Chiropractic Examiners. Art. 4512b, Sec. 14, V.A.C.S.; Board of Tuberculosis Nurse Examiners: "In the county court where" the certificate of registration "is recorded." Art. 4528b, Sec. 6; State Board of Pharmacy: "May" take an appeal "to any of the District Courts where said applicant resided at the time the offense was committed." Art. 4542a Sec. 12(i); Texas State Board of Dental Examiners; State Board of Morticians (Art. 4582b, Sec. 4(4), V.A.C.S.); Texas State Board of Examiners in Optometry (Art. 4563, V.A.C.S.); "May" take an appeal "to the District Court of the residence" of the licensee; Texas State Board of Chiropody: "May" after cancellation of license, "have his right of action for reinstatement against such board in the district court of Travis County." Art. 4573, V.A.C.S.; State Board of Registration for Professional Engineers: "Shall have the right to file suit * * * in the district court of the county of his residence, or of the county in which the alleged offense" occurred. Art. 3271a; Unemployment Compensation Commission: Judicial review may be secured by commencing action "in any court of competent jurisdiction in the county of claimant's residence." Art. 5221b–4 V.A.C.S.; Commissioner of the Bureau of Labor Statistics: "May" appeal the decision "to the District Court of Travis County." Art. 5221a–6 Sec. 7; Texas

■ Although decisions of an administrative agency "which do not affect vested property rights or otherwise violate some constitutional provision" are not invalidated by the mere fact judicial review is denied by the legislature, City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788, 790, "property rights of parties cannot be determined by orders of an administrative agency, without a right of judicial review of such orders." Board of Ins. Com'rs v. Title Ins. Ass'n of Texas, 153 Tex. 574, 272 S.W.2d 95, 97. The constitutional guaranty of due process implies such right if it is not expressed. Brazosport Savings & Loan Ass'n v. American Savings & Loan Ass'n, 161 Tex. 543, 342 S.W.2d 747, 750; Chemical Bank & Trust Co. v. Falkner (Tex.1963), 369 S.W.2d 427.

■ A license or permit to drive an automobile on public highways is not a property right; it is a privilege. Gillaspie v. Department of Public Safety, 152 Tex. 459, 259 S.W.2d 177 (1953) cert. den., 347 U.S. 933, 74 S.Ct. 625, 98 L.Ed. 1084; Texas Department of Public Safety v. Richardson (Tex.1964), 384 S.W.2d 128, 132; IV Baylor L.Rev. 1. (1951).

■ No right of appeal from the orders involved in the instant case, therefore, exists "in the absence of statutory authority; and where such authority is given the proceeding authorizing it is a special one and governed strictly by the

provisions of the authorizing statute." City of Strawn v. Board of Water Engineers, Tex.Civ.App., 134 S.W.2d 397, 398, writ refused. "The general rule is that where the cause of action and remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable." Mingus v. Wadley (1926), 115 Tex. 551, 285 S.W. 1084, 1087. See Goff v. State Board of Insurance, Tex.Civ.App., 319 S.W.2d 383, 385, no writ.[3]

In Cunningham v. Robison, 104 Tex. 227, 136 S.W. 441, the Supreme Court considered the statute governing removal of disabilities of minority (now Art. 5922, V.A.C.S.), under which, it is enacted, the petition shall be filed in the District Court where the minor resides. The Supreme Court noted that the statute conferred a "special authority" and a "special jurisdiction" on the court. It was held the provision was jurisdictional, and the court had "no jurisdiction except over such minors as may reside within the county."

In Alpha Petroleum Co. v. Terrell, 122 Tex. 257, 59 S.W.2d 364, 372, a Rule 37 case, Art. 6049c, Sec. 8, V.A.C.S., was construed. Its language was that parties affected by rules or orders of the Railroad Commission "shall have the right to file a suit in a Court of competent jurisdic-

Liquor Control Board (refusing cancelling or suspending license): Appeal "may be taken" to the District Court of the County where aggrieved party "may reside." Art. 666–14, Vernon' Ann.P.C. In all other suits against the Board "venue shall be in Travis County." Id.; Comptroller (permits): Appeal "may be taken to the District Court of Travis County." Taxation General, Art. 9.16, V.A.T.S.; State Board of Veterinary Medical Examiners: "May appeal * * * to the district court of the county in which the applicant or licensee maintained his principal office." Art. 7465a, Sec. 16 (a), V.A.C.S.; State Board of Water Engineers (petitions) Appeals "may be taken to any district court sitting in any

county in which any part of the proposed district may be." Art. 7880–21, V.A.C.S.

3. Insurance Code, 1.04(f), V.A.T.S. provides that appeals from Board orders "may" be filed in the District Court of Travis County "and not elsewhere." Art. 21.14, Sec. 18, id., provides appeals concerning licenses under that Article, may be by suit in the district courts of Travis County, or in the county of applicant's residence "and not elsewhere."
As to construction of Probate Code Sec. 6, V.A.T.S., concerning the county in which wills may be admitted to probate, see White v. Baker, Tex.Civ.App., 118 S.W.2d 319 (1933), no writ; Interpretative Commentary, 17A, V.A.C.S., pp. 39, 340, 342.

tion in Travis County, Texas, and not elsewhere, against the Commission." It was held the "requirement is one of jurisdiction, and not a mere question of venue." The statutory limitation, "and not elsewhere," was not the primary basis of the holding, although it was noted this language precluded invasion of the legislative prerogative by extension. The Supreme Court turned the case on the reasoning that if the court where the suit was filed had jurisdiction "it must be conferred either by the Constitution, the common law, or by statute." None of these having conferred it on a court in the county where the suit was filed, jurisdiction was held to be absent.

It does not appear to have been the legislative intent to permit aggrieved parties to arbitrarily or capriciously pick a forum willy-nilly or at random as whim or personal wish and fancy might suggest. We think the Legislature vouchsafed the valuable privilege of suit in the county of the licensee's residence, and there it stopped.

In our opinion the provision of Art. 6701h, Sec. 2(b) authorizing appeals to a court "in the county wherein the person aggrieved by such order or act resides" confers exclusive jurisdiction, and it is not a mere venue statute.[4] The judgment of dismissal is affirmed.

4. Our opinion is not inconsistent with Halsell v. Texas Water Commission, Tex. Civ.App., 380 S.W.2d 1 (1964), writ ref. n. r. e., a diversion permit case. The parties do not cite it. There, Art. 7590 authorized appeals from decisions of the Board to the district court "of the county in which such diversion is proposed to be made." But Art. 7477(12) later enacted, authorized filing of the review action as to "any ruling, order, decision, or other act of the Board." The "venue in any or all such actions is hereby fixed exclusively in the District Court of Travis County, Texas," it prescribed. The Court stated it held only that the first quoted statute was not jurisdictional "in the sense that appeals of the nature therein described can only be filed in the County of diversion and that the District Court of Travis County is without jurisdiction." It said the court would "be inclined to hold," if the two are in conflict, that the one later in time, authorizing suit in Travis County, should prevail.

American Canal Co. of Texas v. Dow Chemical Co., Tex.Civ.App., 380 S.W.2d 662, 665, no writ, is not referred to by any of the parties. There the Houston Court held that under Art. 7590, V.A.C.S., (which provided "appeal may be taken" to the district court of the county in which diversion is proposed), "there was no other court to which an appeal could be taken so the venue granted was necessarily exclusive." This, it was said, is "no longer true" after enactment of Art. 7477(12), fixing venue in Travis County. That decision is not inconsistent with our opinion.