## TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

## Tommie Lee SMITH et al., Appellees.

### No. 15098.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

June 22, 1967.

Appellees' Rehearing Granted Oct. 5, 1967.

Appellants' Rehearing Denied Nov. 2, 1967.

Crawford C. Martin, Atty. Gen., George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty. Gen., R. L. (Bob) Lattimore, Monroe Clayton, Asst. Attys. Gen., Austin, Joe Resweber, County Atty., Houston, for appellant.

Spiner, Pritchard & Thompson, Clark G. Thompson, Houston, for appellees.

COLEMAN, Justice.

This is an appeal from a judgment rendered on an appeal from certain orders of the Texas Department of Public Safety suspending drivers' licenses and vehicle registrations for failure to comply with provisions of the Texas Safety-Responsi-

bility Act. After a trial de novo the County Court at Law rendered a judgment setting aside the orders.

The question involved is whether a self-insurance certificate of a corporation operating leased vehicles as taxicabs protects the owners of the leased vehicles and the employees operating them for the corporation. The case was submitted to the trial court on stipulated facts.

At all times material hereto, appellees, Smith, Love, Fernell and Falco were owners of motor vehicles leased to Banks Transportation Company for use as taxicabs in the City of Houston, Texas, which were involved in automobile accidents.

Appellees, McClelland, Richmond, Hopkins, Cooper, Curtis, Sauls, Watterson, Simpson, Moore, Clark, Lee, Phillips, Mose, Christopher, Watkins and Flowers, were each employees, agents, or servants of Banks engaged in operating such leased vehicles at the time one or more of such vehicles were involved in accidents.

Gold Top Cab Company is a business solely owned by, and an assumed name of, Banks. At all material times Banks was the holder of Self-Insurance Certificate No. 70, properly issued to it by the Department.

None of the appellees had a motor vehicle liability insurance policy in effect on the automobile or automobiles owned or operated by them at the time of such accidents. Each accident occurred under circumstances requiring security deposit under the Safety-Responsibility Act unless Banks' Self-Insurance Certificate No. 70 exempted appellees from the provisions of such Act. Appellees did not deposit security when notified and the Department suspended appellees' respective driver's licenses and motor vehicle registrations.

Article III, Sec. 4, of the Safety-Responsibility Act (Art. 6701h, Vernon's Ann.Tex. Civ.St., hereinafter called the Act), requires the reporting of certain motor vehicle accidents to the Department by the operator, or in the event the operator is incapacitated, by the owner, of a vehicle involved in certain accidents.

An "Owner", as defined by the Act, is a person who holds the legal title of a motor vehicle, or has the vehicle under a lease agreement which gives him a right to purchase same. Art. I, Sec. 1, Subsec. 8, Art. 6701h, V.A.T.S.

An "Operator" is defined as one having actual physical control of a motor vehicle. Art. I, Sec. 1, Subsec. 7, Art. 6701h, V.A. T.S.

Section 5 of Article III of the Act provides that the Department shall, within sixty days after the receipt of the report of an accident required by Sec. 4, suspend the license of each "operator" and all registrations of each "owner" of a motor vehicle in any manner involved in such accident unless the "operator" or "owner" or both shall deposit security as determined by the Department under the terms of the Act. Such security is not required if the one otherwise required to file security has furnished to the Department satisfactory evidence that he has been released from liability, or has been adjudicated not liable, or has entered into a satisfactory written agreement to pay an agreed amount in satisfaction of all claims arising out of the accident.

It is further provided that the provisions requiring the deposit of security do not apply to the owner of a motor vehicle if at the time of the accident it was being operated without his permission express or implied, or to the owner or operator if the *owner* had in effect at the time of the accident a *motor vehicle liability policy* with respect to the motor vehicle involved in the accident. Nor does the requirement apply to the *operator,* where he is not the owner of the vehicle, "if there was in effect at the time of such accident a motor vehicle liability policy with respect to his operation of motor vehicles not owned by him"; nor does the requirement apply to the operator or owner "if the liability of

such operator or owner for damages resulting from such accident is, in the judgment of the Department, covered by any other form of liability insurance policy"; nor does it apply to any person qualifying as a self-insurer, or "to any person operating a motor vehicle for such self-insurer."

This section further provides "[n]o such policy shall be effective under this Section unless issued by an insurance company or surety company authorized to write motor vehicle liability insurance in this State, except * * *"

Section 21(a) of Article IV of the Act provides:

"A 'motor vehicle liability policy' as said term is used in this Act shall mean an owner's or an operator's policy of liability insurance, certified as provided in Section 19 or Section 20 as proof of financial responsibility, and issued, except as otherwise provided in Section 20, by an insurance company duly authorized to write motor vehicle liability insurance in this State, to or for the benefit of the person named therein as insured." (Section 20 concerns non-residents)

Subsection 4 of Sec. 18, Art. IV of the Act provides:

"4. A certificate of self-insurance * * * supplemented by an agreement by the self-insurer that, with respect to accidents occurring while the certificate is in force, he will pay the same judgments and in the same amounts that an insurer would have been obligated to pay under an owner's motor vehicle liability policy if it had issued such a policy to said self-insurer."

Sections 21 and 22, Article IV of the Act require certain provisions to be placed in motor vehicle liability policies and in certain other respects restrict companies certifying such policies. Section 23(b) of that Article, however, provides:

"This Act shall not be held to apply to or affect policies insuring solely the insured named in the policy against liability resulting from the maintenance or use by persons in the insured's employ or on his behalf of motor vehicles not owned *by the insured.*" (emphasis added)

It seems clear from these provisions of the Act that a certificate of self-insurance protects the person procuring same and "any person operating a motor vehicle" for such person. The judgment of the Trial Court is affirmed as to all appellees other than Smith, Love, Fernell and Falco, who were owners of vehicles involved in accidents.

The Act does not in terms exempt owners of vehicles involved in accidents from the requirement of depositing security where such vehicles are leased to and operated by self-insurers. It is apparent that the words "insurance policy" as used in the Act refer to a contract of insurance issued to a named insured by a company authorized to engage in such a business. A certificate of self-insurance is not a liability insurance policy. The fact that a self-insurer is liable for damages does not satisfy that provision of Section 5 of Article III of the Act excusing the owner of a vehicle from the requirement of posting security where the liability of such owner is, in the judgment of the Department, covered by any other form of "liability insurance policy".

The Trial Court erred in setting aside the order of the Texas Department of Public Safety suspending the driver's licenses and vehicle registrations of appellees, Smith, Love, Fernell and Falco, based on their ownership of motor vehicles involved in accidents and on their failure on demand to post security as required by the Act. The judgment of the Trial Court insofar as these orders are concerned is reversed and judgment is here rendered suspending the driver's licenses and vehicle registrations of these appellees.

Judgment affirmed in part and in part reversed and rendered.

### On Motion for Rehearing

 Appellees urge that Section 18 of the Texas Safety Responsibility Act provides that proof of financial responsibility, when required by the Act with respect to a motor vehicle, may be given by filing a certificate of self-insurance. They state that since Banks has filed such a certificate covering all of the motor vehicles in question, appellees are exempt from depositing security.

Section 18 reads:

"Proof of financial responsibility when required under this Act with respect to a motor vehicle or with respect to a person who is not the owner of a motor vehicle may be given by filing:

"1. A certificate of insurance as provided in Section 19 or Section 20; or

"2. A bond as provided in Section 24; or

"3. A certificate of deposit of money or securities as provided in Section 25: or

"4. A certificate of self-insurance, as provided in Section 34, supplemented by an agreement by the self-insurer that, with respect to accidents occurring while the certificate is in force, he will pay the same judgments and in the same amounts that an insurer would have been obligated to pay under an owner's motor vehicle liability policy if it had issued such a policy to said self-insurer.

"No motor vehicle shall be or continue to be registered in the name of any person required to file proof of financial responsibility unless such proof shall be furnished for such motor vehicle."

While we were of the opinion that the Act contemplated that the certificate of self-insurance be that of the owner of the vehicle where he had been required to furnish proof of financial responsibility, we have reexamined the question and have concluded that we were in error. Section 18 authorizes the owner of a motor vehicle to give proof of financial responsibility by filing a certificate of self-insurance covering his motor vehicle, even though the certificate was issued to one other than the owner.

The motion for rehearing is granted. The judgment of the Trial Court is affirmed.