Loyce J. ARTERBERRY, Appellant,

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 469.

Court of Civil Appeals of Texas, Tyler.

April 9, 1970.

Hunter B. Brush, Criminal Dist. Atty., Smith County, Charles Crow, Asst. Dist. Atty., Tyler, for appellant.

Smith & Smith, Kelley Smith, Tyler, for appellee.

MOORE, Justice.

Appellant, Loyce J. Arterberry, instituted suit against appellee, Texas Department of Public Safety of the State of Texas, to vacate and annul an order of the Department which suspended his driver's license and motor vehicle registration license under the provisions of Texas Motor Vehicle Safety-Responsibility Act, Art. 6701h, Vernon's Ann.Civ.St.

On January 12, 1969, appellant while driving an automobile owned by G. E. Crotenburg collided with another automobile causing property damages in excess of $100.-00. Appellant was the holder of an operator's license but did not have public liability nor any other form of security as required by Article 6701h, Sec. 5(c). The accident was reported and thereafter as required by Sec. 5 of the act, the Department gave appellant notice of suspension more than 10 days before the effective date thereof and advised appellant that his license and motor vehicle registration would be suspended unless he posted security in the amount of $2,500.00 and gave proof of financial responsibility as required by the Act. The notice recited that appellant was both the "owner" and "operator" of the automobile. No notice of suspension was sent to G. E. Crotenburg, and he is not a party to this proceeding. Upon appellant's failure to post the required security and proof of financial responsibility the Department suspended both his operator's license and his vehicle registration. Appellant appealed from the Department's order by filing the present suit in the County Court at Law of Smith County, Texas.

After a trial de novo, the trial court, sitting without the aid of a jury, rendered judgment suspending appellant's operator's license and vehicle registration until such time as he deposited with the Department of Public Safety security in the amount of $1,200.00 and gave proof of financial responsibility or until such time as he could show he came within one of the other provisions of Sec. 7 of Art. 6701h. From this judgment, appellant duly perfected this appeal.

Appellant attacks the judgment by twenty-one points of error. We have concluded, however, that the case turns upon the matters presented by the seventeenth point. By this point appellant takes the position that he was not the owner but only the operator. Therefore argues that since the Department failed to prove that the owner was not subject to the exception specified in Sec. 5(c) of the Act, i. e., that the owner did not have liability insurance or was not a self-insurer under Section 34, the Department failed to discharge its burden of negating all exceptions to the act enumerated in Sec. 5(c) thereof, and that the trial court erred in suspending his driving license and registration.

While it appears from the record as a whole that the Department at all times looked upon appellant as being the owner, yet in response to appellant's request for admission of facts, the Department made the following admissions:

"(16) That there is no title record or registration record of the Texas High-

way Department, Motor Vehicle Division which shows LOYCE J. ARTERBERRY to be the owner on January 12, 1969 of the motor vehicle registered for the year 1968 under Texas license number KGM591.

"(17) That the Texas Highway Department Motor Vehicle Division Title Records and Registration Records show G. E. Crotenburg to be the owner on January 12, 1969 of the motor vehicle registered for the year 1968 under Texas License number KGM591."

While it can be gathered from other requests for admissions that appellant may have been in the process of purchasing the automobile from the dealer, there is no evidence of this, nor is there any evidence that the appellant was a mortgagor, conditional vendee or lessee so as to be deemed the owner under the Act. Consequently under the record before us we are compelled to conclude that G. E. Crotenburg was the owner and that appellant was nothing more than the operator.

■ The question presented may be stated thusly: Where the operator of the motor vehicle involved in an accident is not the owner does the Department have the burden of proving, before it may suspend the license and registration of the operator, that the owner was not subject to the exceptions specified by the Act? We have concluded that the question must be answered in the affirmative.

Sec. 5(b) of Art. III of the Act provides in part as follows:

"(b) The Department shall, within sixty (60) days after the receipt of such report of a motor vehicle accident, suspend the license and all registrations of each operator and owner of a motor vehicle in any manner involved in such accident, * * * and the privilege of the use within this State of any motor vehicle owned by him unless such operator, owner or operator and owner shall deposit security in the sum so determined by the Department and in no event less than Two Hundred Dollars ($200), and unless such operator and owner shall give proof of financial responsibility; provided notice of such suspension shall be sent by the Department to such operator and owner not less than ten (10) days prior to the effective date of such suspension and shall state the amount required as security and the necessity for proof of financial responsibility. * * *"

Sec. 5(c) provides in part as follows:

"(c) This Section shall not apply * *.

"1. To such operator or owner if such owner had in effect at the time of such accident a motor vehicle liability policy with respect to the motor vehicle involved in such accident;

"* * *."

Sec. 5(c) further provides that the requirement as to security, proof of financial responsibility and suspension shall not apply to any person who is operating the vehicle for a self-insured motorist as defined by Sec. 34 of the Act. Article III, Sec. 6 further provides that the Act shall not apply to an "operator" (1) where no injury or damage is inflicted or (2) where the vehicle is legally parked or stopped at a traffic signal.

Sec. 4 of Article III provides for the form and manner of reports of the accident to the Department. It specifically provides as follows: "* * * Such report, the form of which shall be prescribed by the Department, shall contain information *to enable the Department to determine whether the requirements for the deposit of security under Section 5 are inapplicable by reason of the existence of insurance or other exceptions specified in this Act.* * * *" (Emphasis supplied). Appellant's report of the accident does not appear in the record. While the Department offered proof negating most of the exception specified under the statute, it failed to offer any proof showing that G. E. Crotenburg, the owner, did not have public liability

insurance, nor did the Department offer any proof showing that Crotenburg was not a self-insured motorist as defined by Sec. 34 of the Act.

The Act specifically places the burden of proof upon the Department. Sec. 2(c), Art. 6701h, supra.

 It is generally held that where the cause of action and remedy for its enforcement are derived not from the common law, but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects. Schwantz v. Texas Department of Public Safety, 415 S.W.2d 12 (Tex.Civ.App., Waco, 1967, err. ref.) and cases cited.

Upon applying the foregoing principles of law to the facts, we have concluded that the Department not only had the burden of proving affirmatively that the appellant, as operator of the automobile, failed to comply with the provisions of the Act, but also had the burden of proving that appellant was not in any manner exempted from the operation of the Act by reason of any exception specified in Sec. 5(c) and Sec. 6 of the Act.

Since the Department failed to offer any proof showing that Crotenburg did not have a policy of liability insurance and failed to offer any proof showing that Crotenburg was not a self-insurer under Sec. 34, it appears that the Department failed to negate at least two of the exceptions provided for by the Act which would have exempted appellant from penalties provided for therein. Texas Department of Public Safety v. Smith, 419 S.W.2d 884 (Tex.Civ.App., Houston, 1967, ref., n. r. e.) By thus failing to exclude the applicability of these exceptions, we think the Department failed to meet its burden of proof. It follows, therefore, that the judgment suspending appellant's license and registration cannot stand.

In view of the fact that the necessary proof is no doubt available to the Depart-

ment, and in view of the fact that the record fails to show whether the situation brought about as a result of the report of the accident filed by appellant or was the result of some other mistake, it appears that the case has not been properly developed, and for that reason we believe that the interest of justice requires that the cause be remanded for another trial.

Accordingly, the judgment is reversed and the cause remanded.