Napolean GAMBLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 43540.

Court of Criminal Appeals of Texas.

April 7, 1971.

Rehearing Denied May 26, 1971.

Howard B. Law, Donald R. Scoggins, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for failure to possess an operator's license, 3rd offense. The punishment was assessed by the court following a plea of guilty at confinement in the county jail for 72 hours and by a fine of $50.00.

The complaint and information filed December 11, 1968, alleged that the appellant had been previously and finally convicted of an offense of the same nature on November 28, 1967, and again on September 12, 1968, prior to the commission of the instant offense alleged to have occurred on or about November 24, 1968.

On September 5, 1969, the appellant waived trial by jury and entered a plea of guilty before the County Criminal Court of Dallas County, Texas. After the amended motion for new trial was overruled the appellant was sentenced on February 17, 1970, and notice of appeal was given. The record on appeal was approved on September 18, 1970.

It is appellant's sole contention on appeal that this third conviction must be reversed because such conviction did not become final within one year from the date of the second final conviction as required by Article 6687b(13), Vernon's Ann.Civ.St.

Such statute reads as follows:

"§ 13. Every person shall have an operator's, commercial operator's, or chauffeur's license in his immediate possession at all times when operating a motor vehicle and shall display the same upon demand of a magistrate or any officer of a court of competent jurisdiction or any peace officer. Any person who violates this Section shall be guilty of a misdemeanor and upon conviction thereof be punished by a fine of not more than Two Hundred Dollars ($200); for a second conviction, within one (1) year thereafter, such person shall be punished by a fine of not less than Twenty-five Dollars ($25) nor more than Two Hundred Dollars ($200); upon the third or subsequent conviction within one (1) year after the second conviction such person shall be punished by a fine of not less than Twenty-five Dollars ($25) nor more than Five Hundred Dollars ($500), or by imprisonment in the county jail for not less than seventy-two (72) hours nor more than six (6) months, or by both such fine and imprisonment. It shall be a defense to any charge under this Section that the person so charged produce in court an operator's, commercial operator's, or chauffeur's license theretofore issued to such person and valid at the time of his arrest. It shall be the duty of the judge of the court to report forthwith to the Department of Public Safety any convictions obtained in his court under this Section, together with a set of the fingerprints of the person so convicted, and it shall be the duty of the Department of Public Safety to keep a record thereof. Any peace officer may stop and detain any motor vehicle operator for the purpose of determining whether such person has a driver's license as required by this Section." (Acts 1967, 60th Leg., pp. 778–787, Ch. 328).[1]

---

[1]. When Section 13 of Article 6678b, supra, was originally enacted in 1941 it simply read:

"Every licensee shall have his operator's, commercial operator's, or chauffeur's license in his immediate possession at all times when operating a motor vehicle and shall display the same, upon demand of a magistrate or any officer of a court of competent jurisdiction or any peace officer. It shall be a defense to any charge under this Section that the person so charged produce in court an operator's, commercial operator's, or chauffeur's license theretofore issued to such person and valid at the time of his arrest."

Appellant would have us interpret such statute to mean that a person cannot be legally convicted of a third violation of this section of the statute unless he has committed the offense, been convicted in the trial court and the same has become final all before the first anniversary of the second final conviction. Appellant insists that even though the third violation of this section occurs, the accused pleads guilty and judgment is entered, the fact that sentence is not imposed within the one year period or appeal is taken and the conviction does not become final voids an otherwise valid conviction and deprives the trial court of jurisdiction.[2]

We decline to so hold. To do so would be absurd.

As we construe the statute involved the third conviction must be for an offense committed within one year after the second conviction.

In interpreting another section of this statute (Section 22), though somewhat differently worded, it has been held that such section authorizing suspension of driver's license after four or more convictions for moving traffic violations arising out of different transactions in twelve consecutive months, the number of transactions and not the final convictions is controlling. Texas Dept. of Public Safety v. King, Tex., 366 S.W.2d 215; Miller v. Texas Dept. of Public Safety, Tex.Civ.App., 375 S.W.2d 468, reversed on other grounds, Tex., 386 S.W.2d 760; Drake v. Texas Dept. of Public Safety, Tex.Civ.App., 400 S.W.2d 819, ref. n. r. e.

"An important rule to be observed in statutory interpretation is that an act should be given a fair, rational, reasonable, and sensible construction, considering its language and subject matter, and with a view to accomplishing the legislative intent and purpose. In other words, construction should comport with common sense and justice, and irrational conclusions or deductions should be avoided. * * * A statute will not be construed so as to ascribe to the legislature an intention to do an unjust or unreasonable thing if it is reasonably susceptible of a construction that will not accomplish such result, or that shows the legislature's intention to have been otherwise." 53 Tex.Jur.2d, Statutes, Sec. 126, pp. 187–189.

Article 7, V.A.P.C. "directs that every law on the subject of crime be construed according to the plain import of the language in which it is written. Under this provision, a penal statute will not be construed so strictly as to defeat the legislative intention, when that intention is plainly manifest or is fairly deducible from the language of the act. In construing such a statute, the proper course is to search out and to follow the true intent of the legislature, and to adopt that sense which harmonizes best with the context, and promotes, in the fullest manner, the apparent policy and objects of the legislature." 53 Tex.Jur.2d, Statutes, Sec. 198, pp. 304–305.

The judgment is affirmed.

---

The penalty provided in Section 44 of the 1941 Act (Acts 1941, 47th Leg., p. 245, ch. 173) was "by a fine of not more than Two Hundred Dollars ($200)."

2. It is noted that Article V, Sec. 16, Texas Constitution, Vernon's Ann.St., provides that county courts authorized under Article V, Sec. 15 thereof shall have original and exclusive jurisdiction of all mis-

demeanors of which exclusive original jurisdiction is not given to the Justice Courts, when the fine to be imposed shall exceed $200.00. The County Courts have concurrent jurisdiction over all misdemeanors with the Justice and Corporation Courts even though the punishment for the misdemeanor is by fine not more than $200.00. Solon v. State, 5 Tex.App. 301; Article 4.07, Vernon's Ann.C.C.P.