**Tomas GONZALEZ, Relator,**

v.

**Edie RUBALCABA and Honorable John L. Fashing, Respondents.**

**No. 08–83–00350–CV.**

Court of Appeals of Texas, El Paso.

Feb. 22, 1984.

Rita Rodriguez, El Paso, for relator.

Scott Segall, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This original proceeding seeking a writ of mandamus and prohibition raises the issue of whether an El Paso County Court at Law now has the authority to order a criminal record expunged, a power formerly reserved for district courts. The writ is denied.

The Relator Tomas Gonzalez filed a petition for expunction of his criminal record with the clerk of the district court and the clerk assigned his case to the County Court at Law No. Two. The Relator then filed this action seeking to prohibit the county court at law judge, the Honorable John L. Fashing, from proceeding in the matter and to have the clerk assign the case to a district court.

Article 55.01 of the Code of Criminal Procedure (Vernon Supp.1982) provides persons who are wrongfully arrested the right to expunge their arrest records. The statute further provides the manner of enforcing such right. Article 55.02, Code of Criminal Procedure (Vernon Supp.1982) states:

A person who is entitled to expunction of records and files under this chapter may file an ex parte petition for expunction in a district court for the county in which he was arrested.

Relator's objection is that he is being placed in a county court at law instead of a district court as provided by Article 55.02. We hold that the district clerk acted properly under the newly enacted Article 1970–127b, Tex.Sess.Law Serv.1983, Vol. 9, page 4239 (Vernon). That article confers district court jurisdiction upon the El Paso County Courts at Law with some exceptions. As applicable here it provides:

SECTION 2. JURISDICTION (a) Except as limited by Subsection (b) of this section, in addition to jurisdiction conferred by other law, a county court at law has the jurisdiction provided by the constitution and law for district courts.

(b) A county court at law does not have jurisdiction of:

(1) felony cases;

(2) suits in behalf of the state to recover penalties, forfeitures, or escheat;

(3) misdemeanors involving official misconduct;

(4) contested elections; or

(5) appeals.

(c) A county court at law does not have general supervisory control over the county commissioners court.

(d) A county court at law may not issue writs of habeas corpus in felony cases.

(e) This section does not diminish the jurisdiction of the district courts but only gives concurrent jurisdiction to the county courts at law as provided by this section. The district courts retain and shall continue to exercise the jurisdiction conferred by law on those courts.

The legislation then provides for matters of concurrent jurisdiction to be filed with the district clerk and for the district clerk to establish a separate docket for each county court at law. It was in keeping with this legislation that Relator's case found its way to the County Court at Law No. Two presided over by Judge Fashing.

Relator urges that where a statute creates a right and provides a remedy for its enforcement, the remedy is exclusive and where it confers jurisdiction upon a particular court, that jurisdiction is exclusive. Citing *McGregor v. Clawson,* 506 S.W.2d 922 (Tex.Civ.App.—Waco 1974, no writ). He argues that such types of statutes confer a "special authority" or "special jurisdiction" on a particular court. Article 55.02 does not confer any such special authority or special jurisdiction; it simply refers to a "district court" of the county. Under Article 1970–127b, county courts at law in El Paso County are given "the jurisdiction provided by the constitution and law for district courts" in such county. The county court at law had jurisdiction in this case.

Relator argues the application of the well established rule that where the cause of action and remedy for its enforcement are derived not from the common law but from statute, statutory provisions are mandatory and exclusive and must be complied with in all respects or the action is not maintainable. Citing *McGregor v. Clawson,* supra, and *Schwantz v. Texas Department of Public Safety,* 415 S.W.2d 12 (Tex.Civ.App. —Waco 1967, writ ref'd), he argues that expunction is clearly a creature of the statute and to allow the county courts at law to preside over expunctions would be transferring exclusive district court jurisdiction. It would appear that there has been compliance here, for the requirement is for jurisdiction in a district court within the county, and the later enacted statute gives the county court at law concurrent jurisdiction with that district court.

The district clerk acted properly and the County Court at Law No. Two had jurisdiction of the cause.

The petition for writ of mandamus and prohibition is denied.