Alvis THOMAS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 05–83–00096–CR.

Court of Appeals of Texas, Dallas.

Feb. 14, 1986.

Walter W. Steele, Jr., Jeffie Massey, Dallas, for appellant.

Gilbert P. Howard, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, GUILLOT and McCLUNG, JJ.

## ON REMAND FROM THE COURT OF CRIMINAL APPEALS

GUILLOT, Justice.

On remand from the Texas Court of Criminal Appeals, we withdraw that portion of our former opinion addressing appellant's second ground of error and substitute the following.

Appellant was convicted in a bench trial of operating a motor vehicle while his driver's license was suspended. On appeal, appellant complains in his second ground of error that the trial court erred in finding that appellant's license was suspended on the date of this alleged offense, March 24, 1982. For the reasons set forth below, we affirm the judgment of the trial court.

The statute governing license suspensions provides in pertinent part:

The suspension ... shall in the first instance be for a period of twelve (12) months. In the event any license shall be suspended under the provisions of this section for a *subsequent time,* said *subsequent suspension* shall be for a period of eighteen (18) months [emphasis added].

TEX.REV.CIV.STAT.ANN. art. 6687b § 24(b) (Vernon Supp.1985).

Appellant asserts a two-part argument. First, he contends that because his three driving-while-intoxicated convictions were all entered March 9, 1981, the resulting suspensions were not "subsequent." Therefore, he contends that each was for a concurrent period of twelve months, none for eighteen months, and when he was arrested on March 24, 1982, the twelve months had expired. He arrives at the first conclusion by analogizing subsequent suspensions for driving-while-intoxicated to enhanced punishment under the Penal Code. For enhancement, the convictions must be "for an offense that occurred subsequent to the first previous conviction having become final." TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 1985).

The record in this case does not disclose how the convictions for the three driving-while-intoxicated offenses were entered, except that they were entered on a separate conviction for a separate offense, and that the eighteen-month suspensions were for the second and third convictions, both of which were for offenses committed subsequent to the first offense.

The enhancement statute, which appellant alludes to, specifically provides that the second offense must have occurred after the first conviction. In contrast, article 6687b, section 24(b) provides for an eighteen-month suspension if the license is suspended "for a subsequent time." By their plain meaning, the words "said subsequent suspension" refer to "for a subsequent time." Here, as stipulated by appellant, the second and third suspensions were for offenses committed after the first offense.

Article 6687b, section 24(b) does not require that conviction for the second and later offenses be subsequent to final conviction for the first offense in order to extend the time for license suspension. Instead, the article looks at the dates of the offenses and requires that the second and later offenses be subsequent in time to the first offense. Here, the second and third offenses for driving-while-intoxicated were subsequent to the date of the first offense. Thus, while all three convictions were entered on the same day, the second and third convictions extended appellant's license

suspension from twelve months to eighteen months.

By analogy, in *King v. State*, 366 S.W.2d 215 (Tex.1963) and *Gamble v. State*, 466 S.W.2d 556 (Tex.Crim.App.1971), the courts looked to the dates of the subsequent offenses and not the dates of conviction in interpreting sections of article 6687b. The court in *King*, applying section 22(c), held that the definition of habitual violator requires that the offenses underlying the convictions must have arisen in a consecutive period of twelve months, and that the convictions themselves need not become final within the twelve months. In *Gamble*, the court held that the third offense for failure to possess a license must have been committed within one year after the second conviction, in order to impose the sanctions of article 6687b, section 13, failure to possess a license. Appellant's second ground of error is overruled.

Affirmed.