cv5-697.dd.talamantez 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00697-CV


NO. 03-95-00698-CV







Texas Department of Public Safety, Appellant



v.



Albert Talamantez, Appellee







FROM THE COUNTY COURT OF SAN SABA COUNTY


NOS. 5270 & 5271, HONORABLE HARLEN BARKER, JUDGE PRESIDING







PER CURIAM



 The Texas Department of Public Safety appeals by writ of error the expunction of
records pertaining to Albert Talamantez's arrest for unlawfully carrying a weapon. We will
reverse the judgments and dismiss the causes because the county court had no jurisdiction over
the cause.

 To prevail on appeal by writ of error, a party to a suit who did not participate at
trial must file the petition for writ of error within six months after the judgment was rendered and
show an error apparent from the face of the record. Tex. R. App. P. 45; General Elec. Co. v.
Falcon Ridge Apartments, 811 S.W.2d 942, 943 (Tex. 1991).

 Talamantez filed his motions for expunction on May 18, 1995 in San Saba County
Court. The court granted the motions that same day ordering the DPS to take action to expunge
all record of the arrest. The DPS filed its petition for writ of error in the trial court on November
6, 1995, within six months from rendition of the judgment. The DPS raises two points of error
against the court's procedure in setting the hearing and giving notice and challenges the trial
court's jurisdiction by a third point.

 The transcripts in each of the cases consolidated on appeal show that the DPS had
no notice of a properly set expunction hearing. The statute governing expunctions requires that
the court set a hearing on the expunction no sooner than thirty days from the filing of the petition
and give reasonable notice to the relevant agencies by certified mail, return receipt requested. 
Tex. Code Crim. Proc. Ann. art. 55.02, § 2 (West Supp. 1996). No notice of the petition or a
hearing appears in the transcripts, even though the county-court clerk certified that the transcripts
complied with the DPS's request that the transcripts include the entire contents of the case files. 
The transcripts affirmatively show that the county court granted the motion immediately without
waiting thirty days before holding a hearing. The transcripts show no waiver of the waiting
period. The county court's noncompliance with the statute prohibited the DPS from participating
at a hearing following the statutorily mandated waiting period. See Rodriguez v. T.M.B., 812
S.W.2d 449, 450 (Tex. App.--San Antonio 1991, no writ) (five-day interval between filing of
petition and expunction order not reasonable notice of hearing as matter of law). We sustain
points one and two.

 The appellate record affirmatively shows an error even more critical than the failure
to wait the statutorily required thirty days before holding the hearing: the county court had no
jurisdiction over the proceeding. The statute explicitly authorizes the filing of petitions for
expunction only in district courts. Tex. Code Crim. Proc. Ann. art. 55.02, § 1(a) (West Supp.
1996). While expunction petitions may be filed in county courts-at-law that have jurisdiction
coextensive with district courts (see Gonzalez v. Rubalcaba, 667 S.W.2d 609, 611 (Tex. App.--El
Paso 1984, no writ)), no such latitude is accorded constitutional county courts. The county
court's judgment is void. We sustain point three.

 We reverse the void judgments and dismiss the causes. Our judgments do not
affect Talamantez's right to petition for expunction of his records in the proper court following
proper procedures.


Before Justices Powers, Jones and B. A. Smith

Reversed and Dismissed on Both Causes

Filed: June 12, 1996

Do Not Publish